ROBBINS *et al.* v. BANK OF COMMERCE OF WALTERS *et al.*

No. 395.   Opinion Filed March 8, 1910.

Rehearing Denied October 24, 1911.

(118 Pac. 258.)

**JUDGMENT—Petition to Set Aside—Newly Discovered Evidence—Demurrer.** In a proceeding brought to set aside a judgment and to secure a new trial on the ground of newly discovered evidence, it is not error to sustain a demurrer to plaintiff's petition, in which there is an absence of any showing of diligence, or where the alleged evidence would be incompetent, or where the facts were within the knowledge of the plaintiff at the time of the trial.

(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Action by G. W. Robbins and Rhoda Robbins against the Bank of Commerce of Walters and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*W. C. Henderson,* for plaintiffs in error.

*John M. Young* and *Fred R. Ellis,* for defendant in error Bank of Commerce.

DUNN, C. J.   March 5, 1907, the district court of Comanche

county rendered a judgment upon certain notes and a mortgage in a case wherein the Bank of Commerce of Walters, Okla., was plaintiff, and G. W. Robbins and Rhoda Robbins were defendants. November 14, 1907, the defendants in that action, as plaintiffs in the one at bar, filed their petition in the district court of Comanche county for a new trial and for an injunction restraining defendants from selling certain real estate under the judgment rendered and from taking any action of any kind to enforce the same; also praying that the judgment be set aside and held for naught and that they be given a new trial and an opportunity to present their defense in said cause. November 14, 1907, a temporary injunction was granted. To the petition thus filed defendants filed a demurrer and a motion to dissolve the injunction, both of which were sustained by the trial court, and the case has been brought to this court for review.

The petition covers 11 pages of the record, and we can see no real good that would be accomplished in setting the same out at length. Plaintiffs seek a new trial of the action in which the judgment was entered on the ground that their adversaries therein wrongfully withheld certain information from them which, had they possessed it, would have enabled them to make a defense. They assert that judgment was taken against them for $2,399.45, which was an amount largely in excess of their actual indebtedness to the bank, and that since the trial of said action they have discovered that on or about November 26, 1904, a territorial bank examiner had made a report on the bank showing that the notes of plaintiff held by it were in the aggregate $735.97. Plaintiffs seek a new trial in order that they may be permitted to show this fact, and yet the petition contains the averment that G. W. Robbins, one of the plaintiffs, on the 26th day of November, 1904, made inquiry of the bank as to the amount of his indebtedness, and was informed that the same was between $600 and $700. The ultimate fact which plaintiffs would seek to establish in a new trial is that their indebtedness was less than the amount for which judgment was taken; but it is seen that plaintiff was informed by the cashier of ·the bank itself,

prior to the time judgment was taken, of the amount he now asserts he owed. The report made by the bank examiner would not be newly discovered evidence of that fact, even granting that it would be evidence at all.

The second proposition upon which plaintiffs rely is that about the 11th day of February, 1905, G. W. Robbins was the owner of 37 head of horses and mules, worth in excess of the amount of the judgment taken by defendants against plaintiffs, which animals were delivered to an agent of the bank to have sold and plaintiffs given credit for the proceeds. As this occurrence took place two years prior to the judgment of which plaintiffs complain, certainly there can be no basis for a new trial on the ground that the facts connected with it are newly discovered. The principal plaintiff herein in person delivered these animals to an agent of the bank for the purpose of having them sold and the proceeds applied, and, when he and his codefendant were sued by the bank, then was the time for him to assert the value of the property which they had received from him and claim a proper credit. Every fact set forth in this pleading, upon which plaintiffs predicate their right to have the judgment set aside and a new trial granted to them, was either known to them before it was rendered, or could have been, with the exercise of reasonable diligence. Nor are these the only elements in which we deem the petition deficient to secure the relief applied for; but their absence is fatal to the pleading.

It will thus be seen that the demurrer was by the trial court properly sustained, and the judgment is accordingly affirmed.

All the Justices concur.