MINOR *v.* WATKINS.

JUDGMENT—RES ADJUDICATA—SETTING ASIDE DECREE.
   In a suit to set aside a decree in a former suit, affirmed
   by the Supreme Court, the finding of the court below
   that every essential matter of fact now raised was before
   the court in the former case, and that the decree is
   *res adjudicata* upon the issue, *held*, justified by the record.

Appeal from St. Clair; Tappan (Harvey), J. Submitted January 18, 1923. (Docket No. 123.) Decided March 22, 1923.

Bill by Clarence B. Minor and another against William W. Watkins and another to set aside a decree in chancery. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*William Henry Gallagher,* for plaintiffs.

*Burt D. Cady* and *Walsh & Walsh,* for defendants.

FELLOWS, J. This bill is filed to set aside a decree entered in the circuit court for the county of St. Clair, in chancery, and affirmed by this court in *Watkins* v. *Minor,* 214 Mich. 380. The opinion in that case fully discloses the facts; the case being a chancery case was here heard *de novo.* As the testimony was conflicting upon material questions, it became necessary for us to weigh it and decide who was telling the truth. We there declined to accept the testimony of the present plaintiffs at par and a reading of the present record confirms us in the belief that we there correctly measured their testimony. It will be noted that we there found that the original option was signed by the present plaintiff, Clarence B. Minor, on

Saturday evening and by his wife on a secular day the fore part of the following week. That option provided for a cash payment. We there held that any agreement to modify it made on Sunday was void. We also held that the purported copies which contained matters not found in the option given Saturday night—indefinite language as to the giving of a mortgage—did not constitute the contract between the parties although we there said:

"We entertained no doubt that had defendants deeded the property when requested plaintiff would have acceded to any reasonable request as to the terms of payment irrespective of the precise language of the contract."

We there held that the option as executed by Clarence B. on Saturday did constitute the contract between the parties, that it was a valid contract and we affirmed the decree ordering its specific performance.

Claiming that they and their counsel were deceived into believing that plaintiff in the former suit was relying on one of the purported copies instead of the option upon which the decree was based, and claiming that, therefore, they did not fully cover that question by their proofs, plaintiffs seek in this collateral suit to again try the question as to which paper constituted the contract between the parties, seek to obtain a holding that one containing indefinite language as to the mortgage was the contract between the parties, seek to obtain a holding that such indefinite language rendered the contract void, and ask for the entry of a decree in this case setting aside the decree of the circuit court and this court entered in that case.

Without denying the power of a court of equity to vacate a decree for fraud in a proper case (see *Raniak* v. *Pokorney,* 198 Mich. 567), we are persuaded that plaintiffs have not made out a case for relief.

Plaintiffs and their witnesses testified fully on the hearing of the former case and their version of the entire dealings of the parties was before this court on appeal. We are confirmed in our opinion after an examination of both records that the former case was correctly decided, and that if we had there had all that appears in the present record before us, the result would have been the same. The present case is but an effort to collaterally retry that case in the hope of obtaining a different result. We are in accord with the conclusion reached by the trial judge who tersely said:

"It is my conclusion as a matter of fact and law that every essential matter of fact now raised by counsel for Minor was before the court, and the objection, omission or error herein complained of, could have and should have been raised at the hearing or upon final settlement of the decree signed by Judge Law.

"It is therefore my conclusion and finding that the former decree of Judge Law, and its affirmance in the case of *Watkins* v. *Minor*, 214 Mich. 380, is *res judicata* upon the issue raised by pleadings and proofs in this case, and the law does not permit a retrial."

The decree dismissing plaintiffs' bill will be affirmed, with costs to defendants.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.