### No. 25,948.

T. F. McCleery, *Appellant,* v. Hazel F. Dudley, Executrix of the Estate of Guilford Dudley, deceased, *Appellee.*

#### SYLLABUS BY THE COURT.

Contracts—*Construction of Written Agreement—Liability of Joint Judgment Debtors.* Contracts in writing interpreted, and *held,* release of one of two judgment debtors from personal liability on account of the judgment against him did not entitle him to a return of money which he had deposited to be held until the liability of the other judgment debtor was discharged.

Appeal from Shawnee district court, division No. 1; James A. McClure, judge. Opinion filed May 9, 1925. Affirmed.

*W. R. Hazen,* of Topeka, for the appellant.

*E. A. Austin,* of Topeka, for the appellee.

The opinion of the court was delivered by

Burch, J.: McCleery presented to the probate court a claim against the Dudley estate. The claim was disallowed, and McCleery appealed to the district court. The district court held allowance or disallowance of the claim was premature while a certain action in the district court, numbered 31,420, remains undetermined. McCleery appeals.

Dudley was assignee of a judgment in favor of Adam Becker against the McCleery Lumber Company, T. F. McCleery, and others. Pursuant to an agreement, Dudley released McCleery's land from lien of the judgment, except for the sum of $4,300. McCleery sold a tract of land, and the purchaser retained $4,300 of the price as indemnity against the lien. On April 9, 1920, the money was paid

to Dudley on the following conditions, embodied in a written contract between Dudley and McCleery:

"To hold said money until the debts of said McCleery Lumber Company, except the claim of said T. F. McCleery against said company, are paid from the assets of said McCleery Lumber Company, or otherwise. That upon the payment of said debts against said McCleery Lumber Company, as aforesaid, except said claim of said T. F. McCleery, said sum of $4,300 to then be paid to said T. F. McCleery. And said Guilford Dudley further agrees to pay to said T. F. McCleery, during the time he shall hold said $4,300, interest on the same at the rate of six per cent per annum, payable semiannually. . . . It being understood between the parties hereto that this agreement is made for the purpose of releasing said land from said judgment and substituting said sum of $4,300, in lieu of said land, as security for the payment of said Becker judgment under the conditions hereinbefore stated."

On October 9, 1920, the following instruments were executed by Dudley and McCleery:

"IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS.

"Adam Becker, *Plaintiff,* v. The McCleery Lumber Company, T. F. McCleery, et al., *Defendants.*

"I the undersigned, Guilford Dudley, owner and holder of the judgment recovered by the plaintiff in the above-entitled action by assignment to me, hereby release the defendant, T. F. McCleery, from any personal liability by reason of said judgment against him. But it is understood that this release in no way affects said judgment as to any other judgment debtor herein.

"Dated this —— day of October, 1920.        GUILFORD DUDLEY."

"The undersigned, T. F. McCleery, hereby agrees that in consideration of releasing him from any personal liability on account of the judgment in the case of *Adam Becker v. The McCleery Lumber Company et al.,* that any claim that he had against the assets of said The McCleery Lumber Company shall be inferior and subordinate to the judgment lien thereon.

"Dated this —— day of October, 1920.        T. F. McCLEERY."

Dudley died on March 28, 1923. The claim presented to the probate court was for the $4,300 which Dudley had received and held pursuant to the contract of April 9, 1920, and upon which he had paid semiannual interest up to October 9, 1922. The issues in action No. 31,420 involved amount of indebtedness, amount of assets, and priority of claims upon assets of the lumber company.

McCleery says the contract of April 9, 1920, states as plainly as possible that the $4,300 was substituted in lieu of his land as security for payment of the Becker judgment, which is true. The contract adds, however, "under the conditions hereinbefore stated," and those conditions must be considered. The Becker judgment ran against the lumber company as well as against McCleery, and the

agreement states as plainly as possible that the $4,300 was to be held by Dudley until the debts of the lumber company were paid from its assets or otherwise, and that on payment of the lumber company's debts the money was to be returned.  McCleery says the money was held as security for the Becker judgment.  That interpretation of the instrument may be accepted.  The money was held, however, as security for payment of the Becker judgment against the lumber company.   The instrument signed by Dudley on October 9, 1920, merely released McCleery from personal liability by reason of the judgment "against him."  It had no effect on the security which McCleery had put up for discharge of the lumber company's liability.

Some evidence was introduced regarding the situation and circumstances of the parties at the time the instrument of October 9, 1920, was executed, as indicative of intention.  This evidence was enlarged to include an oral communication to Dudley of McCleery's insistence that the business of the lumber company be speedily closed, and on oral statement by Dudley of willingness to release McCleery from personal liability, which led to preparation of the writing. When prepared, the writing extended to nothing beyond what has been stated.

The deposit gave rise to a present liability on Dudley's part to pay interest, and to a contingent liability to return the money when the lumber company's debts were paid.  The assets of the lumber company consisted of certain shares of corporate stock, upon which dividends were not paid, and the affairs of the lumber company were not being promptly settled.  The deposit was an asset of McCleery not available to him until the lumber company's debts were paid; and because his money was tied up, he was demanding that case No. 31,420 be pushed to final disposition.  If it was the intention of both parties to the agreement of October 9, 1920, that upon execution of the instrument, the contract of April 9, 1920, was to be superseded, McCleery was to have his money back at once, and Dudley's liabilities respecting the deposit were to cease at once, it is strange the instrument did not state the simple facts; that the parties should go on just as before, McCleery doing without the money, and Dudley keeping it and paying interest upon it, and that McCleery should wait to recover money which became due him in October, 1920, until after Dudley died, in March, 1923.  Upon the whole, therefore, consideration of extrinsic matters tends to strengthen rather than to impeach the district court's interpretation of the relations of the parties, and its judgment is affirmed.