No. 26,463.

T. F. McCleery et al., Trustees of The McCleery Lumber Company, *Appellants*, v. The McCleery-Dudley Lumber Company et al., *Appellees*.

### SYLLABUS BY THE COURT.

Corporations—*Insolvency—Receiver—Rights of Statutory Trustees.* Where a receiver, duly appointed to wind up the affairs of a defunct corporation, has executed numerous orders made by the court and is still acting and undischarged, it was not error to dismiss a subsequent action brought on behalf of the stockholders and creditors by former directors of the defunct corporation, seeking to act in the capacity of statutory trustees.

Appeal from Shawnee district court, division No. 1; James A. McClure, judge. Opinion filed February 6, 1926. Affirmed.

*W. R. Hazen,* of Topeka, for the appellants.
*Edwin A. Austin,* of Topeka, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: The question presented here is whether the statutory trustees of a defunct corporation (R. S. 17-808) may prosecute an action on behalf of its stockholders and creditors where a receiver has been regularly appointed and has charge of its affairs under direction of the court.

To plaintiffs' petition the defendants filed a motion to dismiss as on a plea in abatement (R. S. 60-2902). The motion was sustained, and plaintiffs appeal.

The court found:

"That the cause of action set forth in the petition filed in this case is vested in the receiver of The McCleery Lumber Company, duly appointed, qualified and acting under the orders of the district court, . . . wherein T. F. McCleery and A. B. Vaughn are plaintiffs and The McCleery Lumber Company *et al.*, are defendants, being case No. 31,420; that said receiver was appointed January 31, 1918, on application of the said plaintiffs, T. F. McCleery and A. B. Vaughn, . . . and since his said appointment and qualification has continuously acted and is still acting as such receiver, and that said action is still pending and undetermined. That there is now another action pending between substantially the same parties, plaintiff and defendant, and the receiver of The McCleery Lumber Company; . . . that the issues raised by the pleadings in this case [36,900] are necessarily involved in action No. 31,420, and that a proper and complete determination of the issues raised in case No. 31,420 would determine the issues raised herein; that the receiver

Corporations, 14a C. J. pp. 1174 n. 57, 1185 n. 72.

. . . was appointed upon the application of T. F. McCleery and A. B. Vaughn, without objection of any of the stockholders, officers or directors of said company, and in said case pleadings were filed, issues raised and orders made from time to time since the appointment of said receiver, as occasion required, all of which are by reference made a part hereof. It is therefore ordered that this action be dismissed, with leave, however, granted plaintiffs to plead any cause of action or defense against the defendants herein in an amended supplemental petition or reply in said action No. 31,420 as heretofore ordered therein."

Plaintiffs' contentions were in a measure considered in *McCleery v. Dudley,* 118 Kan. 544, 235 Pac. 839. They now contend that they may exercise their functions as statutory trustees independent of the jurisdiction of the district court and its receiver in case No. 31,420. The contention is not sound. The statute (R. S. 17-808) provides that "Unless a receiver is appointed . . . the president and directors or managers of the affairs of the corporation . . . shall be trustees . . . with full powers to settle the affairs and collect the outstanding debts," etc. In the instant case the receiver was duly appointed, has executed numerous orders made by the court, and is still acting and undischarged. Jurisdiction of the affairs of a corporation through a receiver, once obtained, continues until relinquished by order of the court or until the trust has been fully executed. (See 15 C. J. 810, 811, 812.)

It would serve no useful purpose to detail the voluminous pleadings and orders entered in the cases under consideration, nor to analyze the authorities cited in the briefs. We are of opinion that the district court in the receivership action has jurisdiction to determine all the questions that might be determined in an action brought by the trustees had a receiver not been appointed. (See *Razor Co. v. Guymon,* 110 Kan. 745, 749, 205 Pac. 635; *Ruckel v. Metropolitan Life Ins. Co.,* 119 Kan. 593, 240 Pac. 409; *Spena v. Goffe,* 119 Kan. 831, 241 Pac. 257.)

The judgment is affirmed.