McCleery v. McCleery Lumber Co.

---

### No. 27,542.

T. F. McCLEERY and A. B. VAUGHN, *Appellees*, v. THE McCLEERY LUMBER COMPANY et al., *Appellees;* HAZEL F. DUDLEY, as an Individual and as Executrix of the Estate of Guilford Dudley, T. F. MARTIN and DEAN S. SMITH, *Appellants*.

(257 Pac. 748.)

#### SYLLABUS BY THE COURT.

CORPORATIONS—*Dissolution—Action for Accounting and to Wind up Affairs— Pleading.* In an action for an accounting and to wind up the affairs of a dissolved corporation in which a number of persons and corporations were interested and made parties, it is held upon the facts alleged in pleadings and the circumstances mentioned in the opinion, the trial court committed no error in overruling the motions to strike and the demurrers filed by appellants against the pleadings of the appellees.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 9, 1927. Affirmed.

*Edwin A. Austin,* of Topeka, for the appellants.
*W. R. Hazen,* of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal by the defendants, the McCleery Lumber Company, and Hazel F. Dudley, executrix, taken from rulings denying motions to strike allegations from the answer of plaintiffs, T. F. McCleery and others, to the cross petition of the defendants, and also in overruling demurrers of defendants to the same pleading.

---

Corporations, 14a C. J. p. 1144 n. 74 new.

In 1918 the action was begun by stockholders of the McCleery Lumber Company, alleging that the corporation had become defunct by the nonobservance of statutory requirements; that the lumber and building material which it was handling and owned had been transferred to the McCleery-Dudley Lumber Company; that the corporation was no longer a going concern, was largely indebted to parties, that its assets consisted of accounts and claims which were not being collected, and would soon become barred by the statute of limitations, and that the business of the corporation was being mismanaged and was in a demoralized condition. The plaintiffs therefore asked that the corporation be dissolved, that a receiver be appointed to take charge of the assets of the corporation, collect outstanding claims and accounts, liquidate its liabilities and pay any surplus left to the stockholders. Amendments to the petition were filed setting forth in greater detail certain credits and liabilities, and also certain dealings with the Topeka State Bank, and the deposit of assets as collateral security for loans procured from the bank. Plaintiffs asked that the bank, the McCleery-Dudley Lumber Company and Guilford Dudley be made parties and required to set out any claims they had in the subject matter of the action.

The court found that a receiver should be appointed, and accordingly one was appointed to list the assets and liabilities of the corporation and take such action as was necessary to protect and conserve the assets and at an early date to make a report to the court of his action. A number of reports were made by the receiver to the court concerning the assets and liabilities and as to the collection of some claims and the conversion of some assets into money. The matter of accounting came before the court on July 28, 1922, and it found and adjudged the amount due from the corporation to the Topeka State Bank and the assets which it held as collateral security, the amount the defunct corporation owed to Guilford Dudley, and also to its successor the McCleery-Dudley Lumber Company, and to the plaintiff, T. F. McCleery.

Allowances were made for attorneys' fees and other expenses. It was found, too, that C. G. McCleery was indebted to the corporation in a considerable sum, and the judgment was given against him for the amount. There was a further finding that C. G. McCleery owned 40 shares of the stock of the McCleery-Dudley Lumber Company, which were held by the Topeka State Bank as collateral

security for the payment of a certain promissory note executed by him.

Another finding was that 159 shares of the McCleery-Dudley Lumber Company, owned by the defunct corporation, had been assigned to and were then held by Guilford Dudley, as trustee for the creditors and stockholders of the McCleery Lumber Company, subject, however, to the debts of that company. There were findings, too, that the McCleery Lumber Company was indebted to Guilford Dudley in a considerable sum, and also to the McCleery-Dudley Lumber Company in amounts that were stated. There was a finding, too, that the McCleery Lumber Company was indebted to T. F. McCleery in a considerable sum, and several small amounts were allowed for attorneys' fees and expenses.

The court ordered that the action remain open and undisposed of for a final accounting and disposition of the receivership and of all matters pertaining to a final accounting and winding up of the affairs of the McCleery Lumber Company.

During the pendency of the action Guilford Dudley died, and Hazel F. Dudley, his wife, was appointed executrix of his estate. She came into court and filed an answer and cross petition, reciting previous proceedings, loans secured by stock placed as collateral for the loans, judgments entered and assignments made, the appointment of Guilford Dudley in his lifetime as trustee for the McCleery-Dudley Lumber Company, agreements made in the course of his trusteeship, including the assignment of shares of stock to him for himself and other creditors and payments made by him on obligations of the company and advancements made to him on account of such payments. It is further alleged that for the protection of the liens and claims against the capital stock, as well as for the protection of the estate of Guilford Dudley, and that it was for the best interests of all concerned that she be appointed a trustee for the creditors and stockholders. Later, and in October, 1923, without the permission of the district court or of the parties, she procured an order from the probate court authorizing her to sell 199 shares of the stock, and a sale was made for $23,880, and later she filed an amended and supplemental answer and cross petition reciting the facts previously pleaded and also setting forth the sale of the shares of stock and the distribution she had made of the proceeds of the sale, and thereupon asked the court to confirm the sale and the dis-

tribution made. The plaintiff and defendant stockholders filed an answer consisting of a general denial, and specially controverting many of the allegations made in the answer of the executrix, alleging that the sale of the stock by the executrix was illegal and the proceeds derived from it wrongfully distributed, stating that large sums derived from the proceeds and profits of the business were diverted and used for personal purpose and was otherwise dissipated.

The plaintiffs and the stockholders asked that the sale of stock be declared void, and further, that an accounting be made between the executrix and themselves of the receipts and disbursements.

Motions to strike certain causes and parts of the answers of the plaintiffs were filed by the executrix and demurrers also were presented to the defenses made. The court disposed of the case in a written opinion which we find no difficulty in approving. Regarding the motions to strike it may well be doubted whether they are open to review until the final judgment is rendered, but so far as they may challenge the right of the plaintiffs to maintain certain defenses against the cross petition of the executrix, they may be treated as demurrers. It may be observed that the action is one to wind up the affairs of the McCleery Lumber Company, the defunct corporation, and the answers of the plaintiffs have to do with the averments of the cross petition of the executrix and of the McCleery Lumber Company, which is a party to the action. The plaintiffs had the right to plead any matter essential to a proper winding up of the affairs of the defunct corporation. The court, in previous rulings in disposing of preliminary questions, had ordered that the action remain open for a final accounting of the receivership, and the closing up of the affairs of the corporation for which a receiver had been appointed. A final accounting could not be made until the issues raised by the answer and cross petition of the executrix and the answer thereto of the adverse parties had been tried out and determined. The trial court, after stating that the claims made concerning the mismanagement of the affairs of the McCleery-Dudley Lumber Company were not proper matters for consideration in the present case, remarked that the stockholders of the company had a right to an examination into the management and affairs of the company, but that the stockholders of the defunct corporation had no right in this action to question the internal management of the affairs of its successor, and that such an action if commenced

should be brought by the receiver, since the defunct corporation held a large part of the stock of its successor. The court suggested that before further action be taken in that respect the receiver should, with the aid of a competent accountant, examine the records and dealings of the McCleery-Dudley Lumber Company. As to the right of the plaintiffs to challenge the sale of the capital stock made by the executrix, the court remarked that she had formerly applied to the court for permission to make a sale of the stock, but had proceeded to sell the stock under an order of the probate court, and that her action in that respect did not deprive the stockholders of the defunct corporation from having an inquiry made into the affairs of that company, alleged to have been mismanaged; and further, that it was only fair to all parties that charges of mismanagement against a deceased party should be cleaned up so far at least as such charges involved the assets or claims of the defunct corporation. The court did not pass on the validity of the sale by the executrix of the 199 shares of stock made under the order of the probate court, but left it for determination until the final decision of this action. It was said that "while the sale made by the executrix may have been entirely legal so far as the estate of Guilford Dudley was concerned, it is still subject to proceedings which may be taken in this action. The purchasers of the stock pending this suit bought subject to a final adjudication in this action."

The motions to strike were sustained in part and overruled in part. As to the parts overruled the court said:

"In connection with the motion to strike out it may be said further that the pleadings of the stockholders herein do not relate simply to the cross-petition of the executrix. On their face the two answers filed by them are addressed to both the cross petition of the executrix and that of the McCleery-Dudley Lumber Company. In addition, they have a right, in my judgment, to answer as to any matter relating to the winding up of the affairs of the McCleery Lumber Company, including the assertion of any claims of assets or moneys due, belonging to the estate of the dissolved corporation or its receiver herein. They are real parties in interest and have a right to file pleadings and be heard in the case, and they also have the right to be represented in any examination into the books or affairs of the McCleery-Dudley Lumber Company. The issues in a lawsuit are not made up by the receiver or in his name, but by the parties. For the reasons stated the portions of the answers of the stockholders which relate to alleged rights of the stockholders of the McCleery-Dudley Lumber Company cannot be stricken out on the ground that they may not be proper so far as the executrix is concerned."

The accounting in the action involved a vast number of claims and accounts, judgments, settlements and transfers for one purpose and another, including those that have been mentioned, and all can be and should be determined and disposed of in the final accounting to be had. As the trial court remarked, great liberality should be allowed in matters of pleading in cases of this character.

We think the trial court rightly ruled that Hazel F. Dudley, in her individual capacity, and T. F. Martin and Dean S. Smith, who purchased assets of the defunct corporation during the pendency of this action, should be made parties. It cannot be held that there was a misjoinder of parties nor any lack of jurisdiction in the court to determine the issues held by it, including the sale and disposition of the shares of stock mentioned. The court stated in respect to its jurisdiction that—

"It should not be inferred that it is intended that the sale made by the executrix should necessarily be set aside or not confirmed, provided that a fair price was obtained. In my opinion the power exists to confirm or set aside the sale."

We think that there was no lack of facts alleged to warrant an accounting and winding up of the affairs of the defunct corporation, and no error was committed in overruling the motions to strike and the demurrers filed by the appellant.

The judgment is affirmed.