484

No. 30,765.

T. F. McCleery et al., *Appellants*, v. The McCleery Lumber Company et al., *Appellees.*

(16 P. 2d 517.)

Opinion filed December 10, 1932.

*W. R. Hazen, W. E. Atchison, B. J. Lempenau* and *Phillip Wilson,* all of Topeka, for the appellants.

*Edwin A. Austin,* of Topeka, for the appellees.

The opinion of the court was delivered by

Sloan, J.: This action was originally a suit to liquidate and wind up the affairs of the McCleery Lumber Company. The action was filed January 23, 1918, by T. F. McCleery and A. B. Vaughn, two stockholders who also were directors. A receiver was appointed and directed to take charge of the assets of the company. This case has been before this court on four previous occasions, and opinions have been written which have recited the facts. Ordinarily it would not be necessary to repeat the history of the case. In view, however, of the peculiar questions presented it is necessary that we repeat briefly the history of this litigation.

Prior to 1915 Guilford Dudley owned and operated a lumber business under the name of the Dudley Lumber Company. The McCleery Lumber Company, a corporation, had likewise engaged in the lumber and coal business for a number of years in the city of Topeka. In May, 1915, negotiations resulted in a consolidation of the two companies. A new corporation was organized under the name of the McCleery-Dudley Lumber Company, with a capital stock of $40,000, divided into 400 shares of the par value of $100

each. The property of the old companies was conveyed to the new corporation. An adjustment was made with the owners of the old firms through the issuance of the stock in the new corporation. There was issued to Guilford Dudley and his associates 201 shares; 110 shares to C. G. McCleery; 8 shares to J. C. McCleery; 1 share to H. D. Buckland, and 80 shares to C. G. McCleery, trustee. The McCleery Lumber Company owed an indebtedness of $16,000 in addition to $7,000 to T. F. McCleery. C. G. McCleery borrowed $4,000 from the Topeka State Bank, gave his note indorsed by Guilford Dudley, deposited as collateral 40 shares of stock of the corporation and applied the $4,000 on the payment of the debts of the old company. The McCleery Lumber Company executed two notes to the bank amounting to $12,000, indorsed by Guilford Dudley and C. G. McCleery, and delivered to the bank as collateral security 159 shares of stock of the new company, which had been issued to the stockholders of the old company. Guilford Dudley was made president and general manager of the company and continued in this position until his death, which occurred March 28, 1923. C. G. McCleery was assistant manager until September, 1917, at which time he left the service of the company.

Shortly after the consolidation Adam Becker commenced a suit against the McCleery Lumber Company, T. F. McCleery and other stockholders of the company for a large sum of money. On May 17, 1917, the charter board issued an order forfeiting the charter of the McCleery Lumber Company, but none of the parties to the suit knew of this fact. On May 19, 1917, a judgment was entered against the defendants in the suit filed by Adam Becker for $8,300. Becker assigned this judgment to Guilford Dudley and took Dudley's note in payment thereof, less certain cash payments. The judgment was a lien on the real estate of T. F. McCleery, and on April 9, 1920, McCleery, desiring to sell certain real estate, paid Dudley $4,300 for a release of the judgment. The payment was made under the terms of a written agreement which provided, in substance, that Dudley should hold the money paid as aforesaid until the debts of the McCleery Lumber Company, except the claim of T. F. McCleery, were paid, and upon their payment the $4,300 would be returned to T. F. McCleery, and that during the interim Dudley would pay six per cent interest on the money.

In December, 1918, an agreement was entered into signed by all of the stockholders of the McCleery Lumber Company. The agree-

ment provided, in substance, that Guilford Dudley should act as trustee for the stockholders for a period of five years, and that as such trustee he should have the exclusive control of their interest in the McCleery-Dudley Lumber Company, upon such terms and conditions as might be later incorporated in a trust agreement. A further agreement was executed by the same parties in 1921 in which the former agreement was referred to, and it was further agreed that a committee should be appointed to determine the liabilities of the company, which committee should recommend a plan or method for the completion of the trusteeship contemplated by the preliminary agreement.

The petition filed in this action was amended August 5, 1918. The amendment brought into court all of the creditors of the company, and on July 28, 1922, findings were made and a judgment entered. The court found that the company was indebted to the Topeka State Bank in the sum of $4,169.47, which was the balance due on the two notes held by the bank, and that the bank had a first lien and claim on 159 shares of stock of the McCleery-Dudley Lumber Company; that such stock belonged to the stockholders of the McCleery Lumber Company in proportion to the amount of stock they owned in the company, subject to such lien; that the company was indebted to Guilford Dudley in the sum of $10,155.21, being the amount of the Adam Becker judgment; that it was also indebted to the McCleery-Dudley Lumber Company on an account in the sum of $9,280.01, and that it was indebted to T. F. McCleery in the sum of $8,140. The court also found the amount due attorneys and other items of expense.

It was further found that the defendant, C. G. McCleery, was indebted to the company in the sum of $7,093.36, and that C. G. McCleery was the owner of 40 shares of stock of the McCleery-Dudley Lumber Company held by the Topeka State Bank as collateral security for the payment of a note in the amount of $4,000. The court also found that the 159 shares of stock of the McCleery-Dudley Lumber Company held by the bank as collateral security had been assigned and was then held by Guilford Dudley, trustee, for the creditors and stockholders of the company, subject to the rights of the bank. A judgment was entered in accordance with the findings, and the following order was made:

"It is further ordered by the court that this action remain open and undisposed of for the purposes of a final accounting, and disposition of the re-

ceivership herein, and all matters pertaining to a final accounting and winding up of the affairs of the McCleery Lumber Company."

From the date of this judgment until the death of Guilford Dudley, which occurred on March 28, 1923, all parties concerned appear to have been entirely satisfied with the proceeding. Hazel F. Dudley was duly appointed executrix of the estate of Guilford Dudley. On May 5, 1923, she caused the action to be revived in her name as such executrix, procured the issuance of executions on the judgments and otherwise took steps to enforce them. Up to this point in the litigation it is referred to in the record as a friendly suit, but since that time many pleadings have been filed by the parties and issues raised which have been presented to this court in four appeals.

In the case of *McCleery v. Dudley,* 118 Kan. 544, 235 Pac. 839, a claim was filed in the probate court against the Dudley estate by T. F. McCleery for the return of the $4,300 which had been paid under an agreement hereinbefore referred to. The claim was disallowed. McCleery appealed to the district court. The district court held that the claim was premature and was a matter to be adjudicated in this case. This court affirmed the district court.

The case of *McCleery v. McCleery-Dudley Lumber Co.,* 120 Kan. 281, 243 Pac. 541, was an independent action brought by the directors of the McCleery Lumber Company to compel the defendants to deliver to them the assets of the defunct corporation. It was held that since a receiver had been appointed to wind up the affairs of the corporation that the action could not be maintained. The result of these decisions left the matter of winding up the affairs of the McCleery Lumber Company in the hands of the district court, with jurisdiction to adjudicate and determine all issues that might be properly presented in order to accomplish a full settlement of the rights of the parties.

On July 3, 1923, the executrix and the McCleery-Dudley Lumber Company filed a pleading which was designated as an answer and cross petition, consisting of sixteen pages and fourteen pages of exhibits. It recited the history of the transactions between the two corporations, the judgment entered in this cause on July 28, 1922, together with the revivor of this judgment, and that the judgment had not been satisfied or the affairs of the corporation settled. The prayer was that Hazel F. Dudley be appointed trustee for the creditors and stockholders of the McCleery Lumber Company under the agreement entered into between the stockholders and Guilford

Dudley, and that the court determine the priority of the claims and direct the sale of the property, which consisted of 199 shares of the capital stock of the McCleery-Dudley Lumber Company. On November 30, 1923, Hazel F. Dudley filed an amended and supplemental answer in which she alleged that she had paid the notes held by the Topeka State Bank and had come into the possession of the stock which was held by the bank as collateral, consisting of 199 shares; that she had entered into a contract of sale whereby she had agreed to sell all of the stock of the McCleery-Dudley Lumber Company to T. F. Martin for $120 a share, or $48,000. A copy of the sale agreement was attached to the petition. Pleadings were filed by the stockholders, who were parties, challenging the right of Mrs. Dudley to sell the stock. Motions and demurrers were filed against these pleadings which were overruled, and an appeal taken to this court. The ruling of the trial court was affirmed. (*McCleery v. McCleery Lumber Co.*, 124 Kan. 185, 257 Pac. 748.)

The validity of the sale of the stock was left for the determination of the trial court. A referee was appointed, with the approval and consent of the parties to the action, to hear the evidence, make findings of fact and conclusions of law as to the validity of the sale of the stock which had been assigned to the executrix upon the payment of the debt to the bank. The referee heard the testimony and made seventy-five findings of fact on the issues that were submitted to him. He concluded that the sale was fairly made and for the best price obtainable. The findings and conclusions were approved by the trial court and judgment entered confirming the sale, the court reserving the right in the final hearing of the case to determine the rights of the parties in the proceeds of sale. This judgment was affirmed by this court. (*McCleery v. McCleery Lumber Co.*, 129 Kan. 520, 283 Pac. 647.)

The district court had before it the final settlement of the rights of the parties growing out of the dissolution of the corporation.

T. F. McCleery died and W. R. Hazen was regularly appointed administrator of his estate. On August 29, 1930, the McCleery estate and A. B. Vaughn filed a pleading designated as an answer and cross petition. In this pleading it was alleged that the judgment of July 28, 1922, in favor of the McCleery-Dudley Lumber Company was procured by fraud and deceit in that Guilford Dudley had failed to disclose certain charges made by him to the McCleery Lumber Company of moneys advanced toward the payment of cer-

tain indebtedness; that the contract of sale of the stock of the Mc-Cleery-Dudley Lumber Company to T. F. Martin was a result of a conspiracy between the parties and a fraud on the plaintiffs. It was also alleged that Guilford Dudley had failed to account for the profits which should have been credited to the stockholders of the McCleery Lumber Company by virtue of their ownership in 199 shares of the stock of the McCleery-Dudley Lumber Company, and that he was bound as trustee to make a full accounting to the beneficiaries. They asked that a full accounting be had and that the equities of the parties be determined and judgment entered accordingly.

Hazel F. Dudley, executrix, filed a reply pleading former adjudication and the statute of limitations.

On October 17, 1930, an intervening petition was filed by the heirs of Morris Jenkins, in which it was alleged that Jenkins died intestate on March 16, 1927, and that there were no outstanding debts against his estate and there had been no administration thereon. It was alleged that he was a stockholder in the McCleery Lumber Company and by reason thereof was an owner of an interest in 159 shares of the stock of the McCleery-Dudley Lumber Company; that he was a party to the original suit, but died before the order was made confirming the sale of the stock and that the cause was not revived and the interveners were not bound by the judgment confirming the sale. The allegations contained in the answer and cross petition of McCleery and Vaughn were adopted as a part of their pleadings. They asked that the sale be set aside and a general accounting had.

These were the issues on which the case finally went to trial. The case was tried before Hon. Silas Porter, who was duly elected judge *pro tem.* of the district court of Shawnee county for the purpose of trying this case. A large volume of testimony was taken, consisting of oral testimony as well as book accounts, checks, receipts and other record testimony. The court made special findings of fact and conclusions of law. The findings reviewed the history of the transactions of the parties and were in general in favor of the defendants and against the plaintiffs and the interveners. The court found, in substance, that the evidence was insufficient to impeach, vary or affect the judgment entered in this case on July 28, 1922, or the judgment of the court entered on December 8, 1928, approving the findings made by the referee and confirming the sale of the stock.

The court found that the purchase price of the sale of the stock was settled in accordance with the terms of the contract by the payment of $1,553 cash, the assignment of the judgment against the Mc-Cleery Lumber Company in the amount of $10,421, and the conveyance of certain improvements on real estate valued at $8,000, and by the execution of notes secured by assignment of the stock for the balance of the purchase price, but that Hazel F. Dudley, executrix, was chargeable with $120 for each share of stock sold.

The court further found that there was a balance due on the notes of the McCleery Lumber Company formerly held by the Topeka State Bank and included in the judgment of July 28, 1922, in the amount of $3,947.12, which was secured by the assignment of 159 shares of stock; that a payment was made by Dudley personally on these notes of $644.36, and Hazel F. Dudley was the owner and holder thereof; that the judgment in favor of the McCleery-Dudley Lumber Company on an open account remained unsatisfied and the amount due thereon was $9,980.65, which had been duly assigned to Hazel F. Dudley, executrix, and that she was the owner and holder thereof; that the Becker judgment, which the court found was owned by Guilford Dudley in the judgment of July 28, 1922, was in full force and effect and in the amount of $10,921.92. This made a total indebtedness of the McCleery Lumber Company in favor of Hazel F. Dudley, executrix, in the amount of $25,494.05, which was more than the sale price of the 159 shares of stock at $120 a share, or $19,080. The amount due on the note of C. G. McCleery, which was purchased by Hazel F. Dudley, executrix, and secured by 40 shares of capital stock, was $4,828.80; that in addition C. G. McCleery was indebted to the Dudley estate on two promissory notes amounting to $3,567.46; that these amounts exceeded the sale price of the 40 shares of stock, which was $4,800. Morris Jenkins was a party to this suit at the time of his death, which occurred March 16, 1927, and a motion was filed to revive the action in the name of the heirs of Morris Jenkins, who are now the interveners, but no order was made on the motion. Judgment was entered in favor of the defendants and against the plaintiffs and interveners. From this judgment W. R. Hazen, administrator of the estate of T. F. McCleery, A. B. Vaughn and the heirs of Morris Jenkins have appealed.

The principal contention of the appellants is that the evidence does not support the findings of the trial court. The court in the

trial of this case appears to have been very lenient in the matter of the introduction of testimony. The evidence took a wide range and covered a long period of time. The court received evidence of transactions prior to the judgment of July 28, 1922, and to some extent evidence concerning the sale of the stock which was confirmed by the district court on December 8, 1928, and afterwards affirmed by this court. An investigation was made into the accounts of Guilford Dudley with the McCleery-Dudley Lumber Company. An examination of the company's books was made by an auditor and his report was received in evidence. Checks and carbon copies of checks were produced. Oral testimony was heard and a book designated as a loose-leaf ledger was received by the court in evidence as the book of original entries. The court found that there was no evidence of fraud in the procurement of the judgment of July 28, 1922, and held that the judgment was binding and conclusive on the parties and that the judgment of December 8, 1928, confirming the sale of the assets of the company was a final adjudication; that the reservations made in these judgments did not authorize the retrial of the issues determined but limited the jurisdiction of the court to the settlement and winding up of the affairs of the corporation.

The issue therefore resolves itself into a question of the proper disposition of the proceeds of the sale of the stock of the McCleery-Dudley Lumber Company which was all of the assets of the McCleery Lumber Company. Hazel F. Dudley as executrix of the estate of Guilford Dudley, deceased, was chargeable with $19,080, being the proceeds of the sale of 159 shares of stock and with $4,800, being the proceeds of the sale of 40 shares of stock. As we have already seen the claims against the corporation were adjudicated.

The trust agreement attached to the pleadings was to the effect that Guilford Dudley should have charge and control of the interest of the stockholders of the McCleery Lumber Company in the McCleery-Dudley Lumber Company. The agreement does not specifically define the duties of Dudley, but we think it may be fairly implied that he obligated himself to collect the profits on the stock which had been assigned to the bank as collateral security and apply the proceeds on the payment of the debts of the company. It was the contention of the appellants that this was not done and this contention brought about the extensive investigation that was made by the trial court. Dudley died about nine months after the entry of the judgment of July 28, 1922, and apparently during this period the

appellants did not question any of his transactions. It appears that Dudley conducted much, if not all, of his private business through accounts with the McCleery-Dudley Lumber Company. He paid personal debts and made investments with company checks, which were charged to him on the books of the company. These accounts were credited with rents received by Dudley from private property and with money borrowed on his own credit. The trial court, after listening to all of the testimony, found that there was no default on the part of Dudley and that the funds of the corporation were properly accounted for in the transaction of its business subsequent to the death of Dudley. The purchase and handling of the Becker judgment was questioned. Evidence was taken concerning this transaction, and the court on substantial evidence found against the contention of the appellants.

T. F. McCleery had agreed in writing that his claim against the McCleery Lumber Company should be inferior to the other debts of the corporation, and after the findings of fact made by the trial court there was nothing left to do but to enforce this agreement.

The trial court found from all of the testimony against the contentions of the appellants, and, under the circumstances of this case, this was peculiarly a responsibility within the province of the trial court. This litigation has been proceeding haltingly to a close for many years, and it was not only the responsibility of the court to see that justice be done, but also that the litigation be brought to a close and the rights of the parties settled and determined. (*Alexander v. Clarkson*, 100 Kan. 294, 297, 164 Pac. 294.) It seems needless to repeat that this court is bound by the findings of fact of the trial court and we find no error in its conclusions of law.

The heirs of Morris Jenkins contend that they are not bound by the judgment entered on December 8, 1928, confirming the sale of the stock, and that they are entitled to have the sale set aside. This action was brought to wind up the affairs of a corporation. The corporation was a party to the suit and a receiver was appointed. Morris Jenkins, a stockholder, was also a party to the suit and in court when the judgment of July 28, 1922, was entered, but he died prior to the judgment confirming the sale of the assets of the corporation, and although steps had been taken to revive the action in the name of the heirs, no order of the court was made until after the judgment of confirmation was entered and affirmed by this court. The rule is well established that a judgment against a corporation is

binding on the stockholders. (*Ball v. Reese,* 58 Kan. 614, 50 Pac. 875. See, also, 6 Thompson on Corporations, 3d ed., §§ 4981, 4982, and cases there cited.) The stockholders are not necessary parties to litigation involving claims against corporations. Consequently the judgment was binding on the heirs of Morris Jenkins.

Other errors are assigned and a contention is made that certain findings of fact were made at the suggestion of appellees' attorney without giving appellants' attorneys proper notice. We have carefully examined the record and find no merit in this contention or the assigned errors.

This litigation has been pending for more than fourteen years and this is the fifth opinion written by this court. Its further continuance will bring it within the rule announced by this court in the case of *New v. Smith,* 97 Kan. 580, 155 Pac. 1080, that a lawsuit may become a public nuisance.

The judgment of the district court is affirmed.