No. 32,761

W. R. Hazen, as Administrator of the Estate of T. F. McCleery, Deceased, et al., *Appellants*, v. Hazel F. Dudley, Executrix of the Estate of Guilford Dudley, Deceased, et al., *Appellees.*

(61 P. 2d 898)

Opinion filed November 7, 1936.

*W. R. Hazen, James E. Larimer* and *Robert Holford,* all of Topeka, for the appellants.

*Edwin A. Austin,* of Topeka, for the appellees.

The opinion of the court was delivered by

Thiele, J.: This appeal marks another, and it is to be hoped the last, chapter in a long course of litigation, which is summarized in the opinion in *McCleery v. McCleery Lumber Co.,* 136 Kan. 484, 16 P. 2d 517.

After the above-mentioned opinion was filed, the appellants filed their petition to vacate the last judgment therein referred to on the claim that it was procured by extrinsic fraud practiced by the successful party (R. S. 60-3007, subdiv. 4). Thereafter, the several appellees filed pleadings denominated motions. We need not review these pleadings in detail, but in substance they raised objection to further proceedings for the reason the petition did not state facts sufficient to constitute grounds for vacation of the findings, conclusions and judgments complained of, copies of which were attached to the motions. The motion of appellees Martin and Smith specifically set forth that the question of fraud in the procuring of the judgment was finally adjudicated in the appeal to this court above referred to.

The trial court heard the motions, and after consideration concluded the entire matter presented by the petition to vacate had been theretofore presented and determined and that it had no further jurisdiction in the matter. The present appeal followed.

Appellants argue at length that appellees could not raise the question of *res judicata* by motion; that they should have demurred or answered, and that their motions are not well taken. We do not propose to discuss the niceties of pleading as the same may be involved here. In substance, appellants' complaint, as set forth in their petition, is that the extrinsic fraud consisted in secret conferences between the trial judge and counsel for the appellees with reference to the findings of fact to be made and the judgment to be, and which was, rendered on August 22, 1931, and matters related thereto. Appellees' contention was that all of these same complaints were urged at the former appeal and were considered by this court when the opinion in 136 Kan. 484, 16 P. 2d 517, was filed. An examination of appellants' specifications of error in that appeal shows that appellees' point is well taken. In its opinion, this court did not spread at length the contentions of the appellants and appellees, but disposed of the claim of fraud thus:

"Other errors are assigned and a contention is made that certain findings of fact were made at the suggestion of appellees' attorney without giving appellants' attorneys proper notice. We have carefully examined the record and find no merit in this contention or the assigned errors." (p. 493.)

There being no doubt the entire matter was previously urged in the trial court, and considered on appeal in this court, the trial court, in the present instance, rightly concluded it had no further jurisdiction in the matter. Whether the question was presented with due regard to technical rules of pleading need not be discussed, further than to remark that if there was any error in considering the motions sufficient to raise the question of *res judicata*, it was not prejudicial. It would be futile to reverse the trial court only to have answers filed raising the question, which, on the record, has only one answer.

The judgment of the trial court is affirmed.