No. 35,576

In re Appeal of School District No. 14 (C. H. BRADFORD, Director, etc., *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE et al., *Appellees*).

No. 35,577

In re Appeal of School District No. 14 (C. H. BRADFORD, Director, etc., *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE et al., *Appellees*).

(131 P. 2d 663)

Opinion filed December 12, 1942.

*LeRoy E. Harris,* of Lawrence, and *T. W. Bell,* of Leavenworth, were on the briefs for the appellant.

*Ward Martin,* county attorney, and *Edward* Curry, assistant county attorney, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: Two appeals from the district court of Shawnee county were consolidated in this court. The cases, No. 35,576 and No. 35,577, purport to be appeals by C. H. Bradford, director of school district No. 14 of Shawnee county for and on behalf of such school district. The subject matter of the respective cases is the boundary line of school district No. 97, and the boundary line of school district No. 14. The defendants in both cases were the county superintendent of public instruction and the board of county commissioners of Shawnee county.

We shall first consider the appeal in case No. 35,576. An appeal appears to have been taken by C. H. Bradford, director of school district No. 14, to the board of county commissioners of Shawnee county, from a ruling of the county superintendent of Shawnee

county, by virtue of which decision that official reëstablished the lost boundary lines of school district No. 97, pursuant to the provisions of G. S. 1935, 72-219. Upon what ground or complaint that appeal was based the abstract before us does not disclose, nor does the abstract indicate appellant made any attempt to have that official correct any mistake which might have been made in reëstablishing such lost boundary line, as provided by G. S. 1935, 72-220. The abstract further fails to disclose the boundary line of the appellant school district No. 14 was in any wise affected by the action of that official in reëstablishing the lost boundary lines of school district No. 97. From such portions of the record as appellant has abstracted it appears the board of county commissioners found that the boundary lines of school district No. 14 were not affected thereby and further that appellant had failed to first comply with the provisions of G. S. 1935, 72-220. The board refused to entertain the appeal on the ground it had no authority to do so. The district court dismissed appellant's appeal from the order of the board of county commissioners in this case and in case No. 35,577, on the ground the court was without jurisdiction of the parties or subject matter and had no statutory authority to hear and adjudicate the alleged appeals.

We are advised by appellant that copies of all records in both the consolidated cases are on file in the office of the clerk of the district court of Shawnee county. These records are not abstracted. Manifestly the records on deposit in that office cannot aid this court. The abstract utterly fails to comply with the requirements of the rules of this court (153 Kan. XI, Rule 5), and the appeal in case No. 35,576 is dismissed.

Appellees' brief discloses an action previously had been instituted by school district No. 14, against the county superintendent in the district court of Shawnee county to restrain that official from holding the hearing for the purpose of reëstablishing the boundary lines of school district No. 97, and that the restraining order was denied and the action was later dismissed. That statement is not denied. Our attention is also directed by appellees to other litigation involving the boundary lines of school district No. 97. (*School District v. Shawnee County Comm'rs*, 153 Kan. 281, 110 P. 2d 744.) Appellees argue these cases have become a public nuisance and that the instant appeals should be dismissed for that reason. It is true

that in extreme cases we have been obliged to resort to such a drastic remedy in order to end useless continued litigation. (*New v. Smith,* 97 Kan. 580, 581, 155 Pac. 1080; *McCleery v. McCleery Lumber Co.,* 136 Kan. 484, 493, 16 P. 2d 517.) The limited authoritative facts presented in the record before us would not justify a dismissal of the appeals upon that ground.

We shall next consider the appeal in case No. 35,577. What has been said concerning a wholly insufficient abstract in case No. 35,576 applies with even greater force to the appeal in case No. 35,577. It would appear the latter case pertains to the fixing of the boundary lines of school district No. 14. Appellant says an appeal was likewise taken to the board of county commissioners, in that case, from the ruling of the county superintendent. Upon what legal complaint or ground, if any, that appeal was attempted to be taken does not appear from the abstract. The notice of such attempted appeal, if there was any, is not abstracted. The abstract does not contain the ruling of the board of county commissioners from which an appeal was taken to the district court. In that court the appeal was dismissed for want of jurisdiction. All that the record before us discloses, concerning the alleged change in the boundary lines of school district No. 14, is appellant's statement in his brief that some lots were removed from that school district.

Assuming the board of county commissioners and the district court had jurisdiction of the respective appeals, concerning which we now express no views, we obviously could not reverse the decision of the county superintendent upon the basis of the record before us.

The appeal in case No. 35,577 is likewise dismissed for failure to file a proper abstract.