**BRADY et al. v. BEAMS et al.**
**No. 2608.**

Circuit Court of Appeals, Tenth Circuit.
Dec. 30, 1942.

Rehearing Denied Feb. 11, 1943.

Chas. E. McPherren, of Oklahoma City, Okl. (Neal E. Maurer, of Oklahoma City, Okl., on the brief), for appellants.

Joseph C. Stone, of Muskogee, Okl., and W. T. Anglin, of Holdenville, Okl. (Alfred Stevenson, of Holdenville, Okl., Dick Jones, of Oklahoma City, Okl., E. W. Smith, of Henryetta, Okl., Charles A. Moon, of Muskogee, Okl., Francis Stewart, of Oklahoma City, Okl., Leon C. Phillips, of Okemah, Okl., D. A. Richardson, of Oklahoma City, Okl., L. O. Lytle and George Jennings, both of Sapulpa, Okl., Herbert G. House and Roscoe S. Cate, both of Muskogee, Okl., Harry B. Parris, of Eufaula, Okl., Wilbur J. Holleman and J. Garfield Buell, both of Tulsa, Okl., and Howell Parks, of Muskogee, Okl., on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This case is an epilogue to Scott v. Beams, 10 Cir., 122 F.2d 777, certiorari denied, 315 U.S. 809, 62 S.Ct. 795, 86 L.Ed. 1209, rehearing denied, 315 U.S. 830, 62 S.Ct. 912, 86 L.Ed. 1224. The parties here were parties there, asserting rival claims of heirship of Jackson Barnett, a wealthy Creek Indian, deceased. Having suffered an adverse judgment in the trial court, having failed to prevail in this court on appeal, and having met with defeat in their effort to obtain certiorari in the Supreme Court, Dora Brady and Lucinda Watashe instituted this action against Annie Beams and others to have the judgment in the former case vacated and set aside. A motion to dismiss the action was sustained on the grounds that the complaint was filed without leave of this court, and that all matters presented were adjudicated in the former case.

■ The parties contest sharply the question whether the proceeding is an independent action based on extrinsic fraud in connection with the procuring and rendition of the judgment in the former action or a bill of review, appellants contending that it is the former and appellees that it is the latter. Leave of this court to file the action was not obtained. A bill of review to obtain the vacation or modification of a final judgment may be maintained for error of law apparent on the face of the judgment and the pleadings and proceedings on which it is based, exclusive of evidence; for new matter which arose subsequent to the entry of the judgment; or for newly discovered evidence which in the exercise of reasonable diligence could not have been produced before the judgment was rendered. Hill v. Phelps, 8 Cir., 101 F. 650. But when a judgment has been affirmed on appeal and the mandate spread of record, a bill of review based on newly discovered evidence will not lie without leave of the appellate court to file; and therefore if the case be treated as a bill of review it was properly dismissed for want of such leave. Southard v. Russell, 16 How. 547, 14 L.Ed. 1052; In re Potts, Petitioner, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; National Brake Co. v. Christensen, 254 U.S. 425, 41 S.Ct. 154, 65 L.Ed. 341; Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475; Continental Oil Co. v. Osage Oil & Refining Co., 10 Cir., 69 F.2d 19, certiorari denied, 287 U.S. 616, 53 S.Ct. 17, 77 L.Ed. 535; Simonds v. Norwich Union Indemnity Co., 8 Cir., 73 F.2d 412, certiorari denied, 294 U.S. 711, 55 S.Ct. 507, 79 L.Ed. 1246; Ex parte Thomas, 73 App.D.C. 50, 114 F.2d 847.

■ But it may be assumed without deciding that appellants are correct in their contention that the action is not a bill of review; that instead it is an independent action; and that therefore leave of this court to file it was not requisite. A United States court sitting in equity may vacate and set aside a judgment for fraud which was extrinsic or collateral to the matter tried but not for fraud which was in issue in the former suit. United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93. The line of distinction between the two is sometimes indistinct and difficult to draw; dialectic niceties have sometimes been used in an effort to blueprint it; and tenuous differences have occasionally been sketched. Broadly stated, fraud practiced by a successful litigant which prevents his unsuccessful adversary from fully exhibiting his case, such as wrongfully preventing him or his material witnesses from attending the trial, inducing his attorney to professional delinquency or infidelity in con-

nection with the case, or some other similar act, unmixed with fault or negligence on the part of the losing party, constitutes extrinsic or collateral fraud; and the introduction of perjured testimony or forged documents, or other cognate matter, which is actually considered in the judgment constitutes intrinsic fraud. United States v. Throckmorton, supra; Vance v. Burbank, 101 U.S. 514, 25 L.Ed. 929.

■■ The gist of the cause of action here as made by the complaint is that during the trial of the former action the prevailing parties litigant, the assistant United States attorney, and the trial judge wrongfully entered into an understanding and agreement in which the issues were prejudged in favor of the prevailing parties—appellees here; and that such prejudgment was carried into effect by the entry of the judgment. The complaint is elaborate but that is the gist of the cause of action. It is pleaded that the attorneys for the three groups of claimants in the former action deemed it advisable to secure the approval of the Attorney General, the Secretary of the Interior, the Solicitor of the Department of the Interior, and the presiding judge to the contract of family settlement, then contemplated; that the attorneys induced the assistant United States attorney to confer with the judge; that the conference was held, and in the course of it the judge stated that in the event the contract was approved by the Attorney General and the Secretary of the Interior, and it was not against public policy, such orders would be entered as might be right and proper in carrying it into effect; that thereafter the assistant United States attorney wrote the Attorney General recommending that the contract be approved and stating that the judge had made such statements; and that after the entry of the judgment and after the appeal therefrom had been perfected, appellants and their attorneys first learned that such agreement had been entered into and the issues in the case thereby prejudged against them. But during the progress of the trial of the former action a petition was filed in it to construe the contract, and later an effort was made to disqualify the judge. The holding of the conference, and subsequent rulings, statements, and comments of the judge were relied upon for disqualification. The contract was introduced in evidence; correspondence relating to it was likewise introduced; and much testimony was taken. The assistant United States attorney testified at length in respect to the circumstances leading up to the execution of the contract, in respect to the conference and in respect to the correspondence. The letter to the Attorney General which appellants now plead in extenso and on which they place strong reliance was introduced in evidence; and the judge made statements and comments into the record concerning the substance of the conference and his statements made in the course of it. In short, the facts relating to the conference, the statements made in the course of it, and the correspondence purporting to outline the statements of the judge were fully explored and developed in the former case prior to the entry of the judgment. The facts were directly and squarely before the trial court, were before this court on appeal, and were before the Supreme Court on petition for certiorari. They were relied upon there for one purpose. They are relied upon here for another. But they are substantially the same facts. And with knowledge of them, appellants did not challenge in advance the entry of the judgment on the ground of invalidity for extrinsic or collateral fraud, did not assail the judgment on that ground by motion for new trial or otherwise, and on appeal did not seek in any manner to enlist the protection of this court on that ground. It is a rule of consistent observance that discovery of the alleged fraud after entry of the judgment attacked, not before, is an essential element of an action of this kind. Obear-Nester Glass Co. v. Hartford-Empire Co., 8 Cir., 61 F.2d 31; Atchison, T. & S. F. Ry. Co. v. United States, 8 Cir., 106 F.2d 899; Robbins v. Bank of Commerce of Walters, 29 Okl. 535, 118 P. 258; Mattair v. Card, 19 Fla. 455; Yager v. North & South Alafia River Phosphate Co., 82 Fla. 38, 89 So. 340; Adler v. Becker, 130 Fla. 330, 178 So. 117; Hendricks v. Hendricks, 216 Cal. 321, 14 P.2d 83; Godfrey v. Godfrey, 30 Cal.App.2d 370, 86 P.2d 357; Crites v. Photometric Products Corporation, 20 Del.Ch. 10, 169 A. 164; Cf. Minor v. Watkins, 222 Mich. 312, 192 N.W. 660; Hollister v. Sobra, 264 Ill. 535, 106 N.E. 507. That element is not present here and its absence is fatal.

■ Appellants complain that in acting on the motion to dismiss, the trial court looked beyond the complaint, took judicial knowledge of the proceedings in the former action, and by doing so reached the conclusion that the matters presented in the com-

plaint were there adjudicated. It is urged that the motion admitted all matters well pleaded in the complaint, and that the court could not go beyond its four corners and look to the proceedings in the other suit. Citing Gallup v. Caldwell, 3 Cir., 120 F.2d 90, the court did take judicial notice of the proceedings in the earlier case. In Divide Creek Irr. Dist. v. Hollingsworth, 10 Cir., 72 F.2d 859, 96 A.L.R. 937, we held that a trial court could not take judicial notice of it records in another action; and we do not stop to explore the question whether since the adoption of the new rules of federal procedure it can be done. For, the case is here now and we can take judicial notice of the record in that action on appeal. Divide Creek Irr. Dist. v. Hollingsworth, supra. And from that record it is made plain that long before the entry of the judgment, appellants had knowledge of the facts on which they now rely; and that they did not present them as constituting extrinsic fraud in connection with the rendition of the judgment, either in the trial court or on appeal to this court. No useful purpose would be served by remanding the cause to the trial court for the purpose of enabling the appellees to plead such facts in some appropriate manner and then draw on the record in the other case for the proof. The remanding of the cause for that procedure would be nothing short of subordinating substance to shadow, and the circumstances do not call for that. Hazen v. Dudley, 144 Kan. 467, 61 P.2d 898.

■ Finally, in view of the nature of the charges contained in the complaint, perhaps a further word of explanation should be added in respect of the circumstances leading up to the conference, the nature of the conference, and particularly the scope of the statements made by the trial judge. Jackson Barnett was a restricted Indian. The parties who prevailed in the former action were Indians, and after a vast volume of testimony had been taken and many ancient records had been examined, the matter of such parties entering into a contract of family settlement was considered. The approval of the Secretary of the Interior to a contract of that kind was deemed essential to its effectiveness. The assistant United States attorney represented the United States as intervenor in the action, in its capacity as guardian for all Indian claimants. The attorneys for the three groups consulted the assistant United States attorney concerning the negotiation of the contract, and the matter was referred to the Attorney General and the Secretary of the Interior. In view of the fact that the cause was in progress of trial, the Attorney General very appropriately directed the assistant United States attorney to ascertain whether the judge would regard such a contract as objectionable or contemptuous. Pursuant to that direction, the assistant United States attorney sought and obtained the conference, explained the situation, and inquired whether the judge would regard the contract in that manner. The uncontradicted testimony given in the former action was in substance that the judge merely stated that if the contract was approved in the manner indicated, it would not be regarded as objectionable or contemptuous, and that it probably was not against public policy. While not stated in direct terms, it was clearly apparent from the testimony and evidence that no other understanding or agreement was entered into; and certainly that the prejudging of the issues of heirship was not even suggested, directly or indirectly. Moreover, the letter to the Attorney General, written by the assistant United States attorney soon after the conference and signed by the United States attorney, introduced in evidence in the former action, pleaded in part but not in whole in the complaint herein, and now relied upon by appellants, stated in substance that the judge said in the conference that the contract would not be regarded as offensive, and that if approved in the manner already indicated, and was not in violation of public policy, all orders would be entered which were *right* and *proper* to carry it into effect. But the letter did not stop there. It further stated that the judge did not express any opinion as to who were the heirs or what would be the final outcome of the litigation. And it went still further. It also stated that, of course, the judge would not allow the contract to influence in the slightest degree his holding on the evidence as to who were the rightful heirs. It thus appears crystal clear from the record in the former action, and from the letter on which appellants now place reliance, that the issues of heirship in the case were not prejudged in any respect or to any extent.

The judgment is affirmed.