ERNEST YAGER, *Appellant,* v. NORTH AND SOUTH ALAFIA
RIVER PHOSPHATE COMPANY; FLORIDA REALTY COMPANY;
A. F. ODLIN, A. C. HOLDEN, FRANC MINTON, J. A. CAR-
RIER, LAFOREST A. SHATTUCK, AARON C. WINTURN,
SAMUEL MCCRACKEN, WILLIAM T. ABBOTT AND PAUL D.
WINDHAM, *Appellees.*

Opinion Filed June 24, 1921.

Petition for Rehearing Denied August 5, 1921.

1. A person owning an interest in land which is sought to be
   partitioned is a necessary party to the proceedings.

2. Where there is a decree awarding a partition of lands in
   which a person is interested who is not made a party to the
   proceedings, the decree will be reversed on apppeal.

3. A bill in chancery which seeks to annul the proceedings and
   decrees in another suit decided in the same court is not an
   original bill, but a bill of review.

4. A bill of review which does not rest upon error apparent,
   nor upon new matter arising after the rendition of the de-
   cree sought to be annulled, may be filed only after leave of
   the court has been obtained.

5. The allowance of a bill of review is not a matter of right in
   the parties, but rests in the sound discretion of the court to
   be exercised cautiously and sparingly and under circum-
   stances that demonstrate it to be indispensable to the merits
   and justice of the cause.

6. Want of equity in a bill of review may be taken advantage
   of by demurrer.

7. Where an appeal is taken from an order dismissing a bill of review which was filed without leave of the Court and rests upon no error apparent, nor matter arising after the rendition of the decree sought to be annulled, a motion to dismiss the appeal will be granted.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Motion to dismiss granted.

*H. S. Hampton* and *S. S. Sandford,* for Appellant;

*McKay & Withers* and *Arthur F. Odlin,* for Appellees.

ELLIS, J.—This is a suit to set aside a decree of partition rendered by the Circuit Court of Hillsborough County in a cause wherein the North and South Alafia River Phosphate Company and the Florida Realty Company were parties, of certain lands in Hillsborough County comprising about three thousand acres, the latter company owning a two-thirds interest and the former company a one-third interest. The partition suit was brought by the Florida Realty Company, the owner of the two-thirds interest.

The appellant was complainant in the bill to set aside the decree of partition, he brought the suit in behalf of the North and South Alafia River Phosphate Company and all stockholders thereof who might wish to intervene. The defendants named were North and South Alafia River Phosphate Company, The Florida Realty Company, Franc Minton, J. A. Carrier, Fannie C. Carney, LaForest A. Shattuck, Aaron C. Winturn, A. F. Odlin, A. C. Holden, Samuel McCracken and William T. Abbott. These were the parties named in the second amended bill of complaint filed June. 14, 1920.

To the first bill of complaint filed Franc Minton, J. A. Carrier, F. C. Carney, LaForest A. Shattuck, William T. Abbott and Samuel McCracken filed disclaimers. All other defendants interposed demurrers which were sustained except the demurrer of the North and South Alafia River Phosphate Company, as to which no order was made. By order of March 20, 1920, the complainant was allowed to amend his bill on or before the rule day in April, 1920, failing to do which the bill should be dismissed.

An amended bill was filed by complainant within the time allowed. That bill named Ernest Yager as complainant individually, and not in behalf of any one else, and named the same parties defendant. To this bill the defendants A. C. Holden, The Florida Realty Company and A. F. Odlin interposed demurrers which were sustained on May 15, 1920, the grounds being that there was no equity in the bill; that complainant has a remedy at law for any damages sustained; laches; that the bill shows that complainant took part in the litigation complained of in 1914, and never took an appeal from the decrees rendered, and that the bill was a mere repetition of the original bill to which demurrers had been sustained.

The complainant on June 14, 1920, then filed his second amended bill of complaint for himself and on behalf of North and South Alafia River Phosphate Company and all individual stockholders thereof as mentioned above. The bill prayed that the decree of partition rendered in the case mentioned and all proceedings thereunder, including the decrees awarding to A. F. Odlin counsel fees, the sheriff's deeds wherein the property was sold to LaForest A. Shattuck and all conveyances by Shattuck to defendants named be set aside as null and void as against the complainant and the north and South Alafia River Phosphate Company, and

that the defendants be ordered to reconvey the land to that company, and for general relief.

On June 21, 1920, A. F. Odlin on his own behalf and as counsel for A. C. Holden and Florida Realty Company, moved the court to strike the bill from the files of the court upon the grounds that the bill did not comply with the court's order on the demurrers to the first amended bill allowing the complainant to amend if it was filed on behalf of some stockholder in the North and South Alafia River Phosphate Company other than Ernest Yager himself, ''he being estopped by the ruling of this court,'' that the bill was not filed within the thirty days allowed by the court; that the bill is brought in behalf of the North and South Alafia River Phosphate Company which is also named as a defendant in both original and amended bill; that the record does not disclose that the court permitted the complainant to file a bill in behalf of that company which had filed to other bills an answer amounting to a disclaimer; that it does not appear that Yager had any power or authority to sue in behalf of the company; that the second amended bill is a mere amplification of the first amended bill to which demurrers had been sustained; that the second bill contains no new matter showing any right to the relief prayed different from the allegations of the first amended bill; that it affirmatively shows that complainant was a party to the partition suit the decree in which he seeks to annul, and never appealed from the decrees or orders in that cause; that the bill shows that the demurrer interposed by Yager in the partition suit was never ruled upon by this court, and also shows that it was, which latter allegation is true; that the bill is inconsistent in its allegations as to the ownership of lands by the North and South Alafia River Company; that the bill shows that complainant in January, 1916, entered a suit to vacate the

proceedings in the said partition suit which was dismissed
for failure to prosecute in the summer of 1916, and that
the complainant took no further steps until October, 1918,
when he heard that the lands involved were about to be
sold; that the allegations as to a proposed compromise
could be used only as the basis of a supplemental bill which
could not be filed without leave of the court, and that the
bill contains no other allegations differing in materiality
from those upon which the court had ruled pronouncing
them insufficient. The motion was sustained and the court
dismissed the bill upon grounds other than the second in
which the point was made that it was not filed within the
thirty days allowed by the court's order. An affidavit was
filed in support of the motion, particularly the first ground,
in which the affidavit affirmed that on May 15, 1920, when
the court sustained the demurrers to the first amended bill,
that it would permit the complainant to amend provided he
brought the suit in behalf of other stockholders of the
North and South Alafia River Phosphate Company, that
complainant himself was bound by the decrees in the par-
tition suit, the proceeding in which he sought to annul, and
that counsel for complainant acquiesced, says he "thought
it quite possible that there were other stockholders in the
said North and South Alafia River Phosphate Company
besides Yager, whose rights had been lost or injured by
said partition proceedings, and that said Yager ought to
be given an opportunity to bring these parties into the
case, they not being estopped." That if such was not the
case an appeal would be taken; that counsel for Yager
needed thirty days to communicate with Yager and would
then make known to the court whether an appeal would
be taken, or a third bill filed on behalf of some other stock
holder. That the court then orally announced that he
would allow thirty days to amend in accordance with such

statement, or decide on an appeal. That a supersedeas bond was discussed and agreed upon in open court.

From the order striking the bill, or dismissing it, the complainant appealed.

The assignments of errors are that the court erred in dismissing the complainant's bill of complaint on June 26, 1920; second, that the court erred in sustaining the demurrer to the amended bill; and third, that the court erred in dismissing the bill of complaint.

A motion was made to dismiss the appeal in January, 1921, which was continued to final hearing. The grounds of the motion were that in the original bill of complaint Paul D. Windham was made a defendant because it was alleged that he claimed to own part of the land involved in the partition suit and he was not made a defendant in the first or second amended bills although he appears to be a necessary party from the allegations of each amended bill. He was made a party to the appeal however, and does not join in the motion to dismiss. The third ground of the motion is that the third assignment of error is identical with the first.

If the complainant Yager was entitled to the relief he sought by his second amended bill, Paul D. Windham was a necessary party defendant, because it was alleged that he claimed title to part of the land involved in the partition suit, the proceedings in which were sought to be annulled; that he claimed under a deed from L. A. Shattuck who purchased the entire tract under the partition proceedings. Windham's interest would therefore have been affected by a decree in complainant's favor, because the interest was not severable. He was therefore a necessary party. See 20 R. C. L. 704.

If there had been a decree in complainant's favor it would have been reversed on appeal because of the absence of a necessary party. See Rawls v. Tallahassee Hotel Co., 43 Fla. 288, 31 South. Rep. 237; Craver v. Spencer, 40 Fla. 135, 23 South. Rep. 880; Nelson v. Haisley, 39 Fla. 145, 22 South. Rep. 265; Lyon v. Register, 36 Fla. 273, 18 South. Rep. 589; Price v. Stratton, 45 Fla. 535, 33 South. Rep. 644. A necessary party not being joined as a defendant or complainant in the bill, the court should have allowed complainant to amend by joining the necessary party if he desired; but from the record the complainant seemed to have omitted the necessary party by design, as he was made party defendant to the original bill but omitted from the first and second amended bills, although from the allegations of each he is shown to be a necessary party. It appears from the record that the complainant asserting his right as a minority stockholder, or by some other right, became a party to the partition suit, the proceedings of which he seeks now to annul. He appeared in that suit and interposed a demurrer to the bill. This suit was brought to annul the proceedings and decrees in another suit decided in the same court. The bill was therefore not an original bill. The subject of the litigation had its origin and source in the controversy involving the partition of the lands between the two corporations. The facts alleged in the bill in the instant case appear not to have arisen subsequently to the former litigation, but were then available to a diligent person interested in the controversy. It is a bill to reverse a decree rendered in the partition suit. It is therefore a bill of review, but it does not rest upon error apparent, nor upon new matter arising after the rendition of the decree; but attacks the decree upon the ground of fraud alleged to have been perpetrated by counsel in the cause and manipulations of officers of one

of the corporations interested in the lands; but no leave was granted by the court nor asked for by complainant to file the bill so far as the record discloses. The allowance of a bill of review is not a matter of right in the parties, but rests in the sound discretion of the court to be exercised cautiously and sparingly, and under circumstances that demonstrate it to be indispensable to the merits and justice of the cause. See 10 R. C. L. 575.

It appears that another suit in all respects like the instant one, was begun by the same complainant and dismissed for want of prosecution.

Want of equity in a bill of review may be taken advantage of by demurrer. The complainant's remedy in the prior case was by appeal, of which he did not avail himself. Considering the bill from this viewpoint we discover no error in the order of the Chancellor dismissing the bill. The motion to dismiss the appeal is therefore granted.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.