W. B. BROWN v. GEORGE OEHLER, *et al.*

149 So. 521.
Division B.
Opinion Filed July 27, 1933.
Rehearing Denied Sept. 6, 1933.

*Richard H. Hunt,* for Appellant;
*Howard W. McKay* and *S. J. Barco,* for Appellees.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.
DAVIS, C. J., concurs specially.

DAVIS, C. J. (specially concurring)—The issue in this case was whether or not there had been an absolute conveyance of land with a bona fide agreement to repurchase it at an increased price within a fixed time, in which case the transaction would not have been subject to the usury law (McElmurray v. Blodgett, 120 Ga. 90, 47 S. E. 531) on a loan transaction for the exactment of usurious interest fixed up in the guise of a conditional sale. The Master and the Chancellor sustained the latter view and I am unable to find reversible error in their findings, although the evidence to sustain such findings is to my mind not at all convincing on that score.

If there be any real doubt as to the purpose of a conveyance, absolute in form, that is, whether or not it was intended as security for a loan, or an absolute conveyance, this Court has held that the doubt should be resolved in favor of the contention that a mortgage security only was intended. Elliott v. Connor, 63 Fla. 408, 58 So. 241. But the rule stated in the case just cited cannot be applied in a case like this, which is not for redemption, with an offer to do equity by repaying the consideration, but is nothing more than a statutory forfeiture proceeding being enforced in an equity court, as we held in Robbins v. Blanc, 105 Fla. 625, 142 So. Rep. 223, might be done in cases where usury was involved. In cases like this, all presumptions should be in favor of the innocence of the parties charged with what is in law a highly penal act. There is nothing in the record to show that any presumption was indulged in by the Chancellor as against the appellant, on the basis of Elliott v. Connor, supra. If such were the case, I have no doubt that the decree would require reversal on that

ground alone, since a decree must be arrived at by following correct rules of law in deciding issues of fact. See Schmidt v. Bethea, 78 Fla. 304, 82 So. 817; Barry v. Walker, 103 Fla. 533, 137 So. Rep. 711.

ELLIS, J., concurs.