W. B. BROWN v. GEORGE OEHLER and J. H. THERRELL, as Liquidator for Biscayne Trust Company.

152 So. 862.
Opinion Filed February 21, 1934.

*Richard H. Hunt,* for Appellant;

*Howard W. McKay* and *Marshall F. Sanders,* for Appellees.

PER CURIAM.—This is an application by W. B. Brown for permission to apply to the Circuit Court for permission to file a supplemental bill in the nature of a bill of review, the final decree in the cause having been heretofore brought to this Court by an appeal and here affirmed. See Brown v. Oehler, 111 Fla. 564, 149 Sou. Rep. 521.

A supplemental bill in the nature of a bill of review (now permissible in the form of a petition under the 1931 Chancery Act) is the appropriate method of accomplishing in equity that which at law can be duly accomplished by a writ of error *coram nobis.* In equity such a proceding as is here invoked is the proper method of attacking for purpose of correction, a decree in equity which, it is alleged, was rendered on account of some error in fact which, if it had been known to the chancellor, would have prevented the entry of the decree attacked.

Like a writ of error *coram nobis,* a supplemental bill in the nature of a bill of review, may be employed to revoke the jurisdiction of a court of chancery to recall one of its own adjudications made while some fact existed which, if before the court, would have prevented the rendition of the final decree, and which, without any fault or negligence of the party presenting it, was not earlier presented to the chancellor. It cannot, however, after the decree to which it is addressed has been affirmed by the appellate court, be entertained without permission duly applied for and given by the appellate court which affirmed the decree. So the object of the present petition is to obtain such permission in the present case to re-open the final decree heretofore affirmed by this Court on July 17, 1932.

Our conclusion is that the returns to the rule to show cause why permission to proceed should not be given as prayed, constitute a sufficient showing of cause why the permission in this case should not be granted. The case was finally disposed of here on the 6th day of September, 1933. The present petition was not filed until January 30, 1934, which was during a subsequent term of the Supreme Court.

Assuming that delaying the application beyond the term did not oust the jurisdiction of the Supreme Court to grant the permission prayed for, it nevertheless amounted to such laches as requires a denial of the permission sought, in the absence of some very strong showing of excuse for applicant's apparent tardiness in the matter. Such excuse has not been made to appear in this case, so the permission to file a supplemental bill in the nature of a bill of review to attack the decree of the Circuit Court as affirmed by this Court will be denied.

Permission for further proceedings in Circuit Court denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.