C. D. DENNIS v. JOHN L. IVEY, *et al.*

183 So. 624.
Division B.
Opinion Filed October 6, 1938.

W. H. Nollman, McKay, Macfarlane, Jackson & Ramsey, and Hampton, Bull & Crom, for Appellant;

W. G. Ramseur, F. T. Haskins, and Treadwell & Treadwell, for Appellees.

PER CURIAM.—The transcript here shows that Honorable W. T. Harrison, Judge *pro hac vice*, in and for Highlands County, Florida, on June 26, 1935, made and entered a final decree in the case of Ivey Properties, Inc., *et al.*, complainants, versus Alma Levy, *et al.*, defendants; C. D. Dennis, *et al.*, cross defendants, and E. S. Futch, intervener. On the 10th day of September, 1934, E. S. Futch died, and an order was entered substituting the executors of his will as parties to the suit. The bill of complaint filed by Ivey Properties, Inc., was dismissed by the terms of the final decree. The restraining order previously issued was dissolved. The special master was authorized to sell certain land described under a writ of execution in the case of C. D. Dennis v. J. L. Ivey, subject to a prior mortgage given by J. L. Ivey to E. S. Futch for the sum of $19,500.00. The mortgage had by the late E. S. Futch been cancelled of record but in a contest between or among the creditors of Ivey and Ivey Properties, Inc., by a term of the final decree the mortgage of the late E. S. Futch was revived and restored and made a lien prior in dignity to the said judgment creditors. Item "G" of the decree is, viz.: "The court further finds that J. L. Ivey was duly served with process, is now before the court, but is in default." An appeal was taken from the said final decree.

On October 24, 1935, John L. Ivey filed in the Circuit Court of Highlands County, Florida, a bill in the nature of a bill of review against C. D. Dennis, a judgment cred-

itor, the executors of the will of the late E. S. Futch, and others. The prayer thereof was to review, correct and reverse that portion of the final decree dated June 26, 1935, reviving and restoring said mortgage indebtedness in the sum of $19,500 and making it a first lien on the Southeast Quarter of Section 31, Tp. 36 South, Range 30 East, less eleven acres. It was further contended that the late E. S. Futch gave false testimony and the decree rests or stands largely on his testimony. E. S. Futch died on September 10, 1934, and the suit making this serious charge was filed several months *after* his death.

On the second day of December, 1935, the defendant filed an answer to the bill of review and cross bill of complaint praying for affirmative relief, viz.: (a) an accounting between J. L. Ivey and C. D. Dennis; (b) a conveyance of certain property by E. S. Futch and John L. Ivey to Ivey Properties, Inc., be decreed null and void and that the property therein described be held subject to the judgments and writs of execution of C. D. Dennis against J. L. Ivey; (c) that the Dennis judgments be decreed to be prior in dignity to that of the mortgage to the late E. S. Futch.

The cross complainant, C. D. Dennis, within the time allowed by Section 48 of the 1931 Chancery Act of Florida, propounded 68 interrogatories to his judgment creditor, John L. Ivey, and on the 9th day of December, 1935, answers thereto were filed by him. The record fails to show that the lower court ever passed on the relevancy, materiality, or competency of the said testimony given by the judgment creditor in response to the propounded interrogatories. The executors of the E. S. Futch estate filed a motion to dismiss the bill in the nature of a bill of review because, among other assignments or grounds, there was no equity in the bill.

Likewise, a motion was filed by the executors to dismiss the cross bill filed by the cross complainant, C. D. Dennis. On October 19, 1935, the lower court entered an order sustaining the motion to dismiss and dismiss the bill in the nature of a bill of review. It was on November 10, 1936, amended and on December 22, 1936, the answer thereto by C. D. Dennis, the defendant, was amended and simultaneously therewith the cross bill of complaint on the part of C. D. Dennis was amended. On the 29th day of March, 1937, the lower court sustained a motion to dismiss and did dismiss the bill of complaint in the nature of a bill of review as amended by the amendment. On the 27th day of March, 1937, the lower court sustained a motion to strike the affirmative portion of the amended answer of C. D. Dennis to the amended bill of complaint filed by John L. Ivey, and likewise dismissed the affirmative portion of the amended answer referred to as the cross complaint of C. D. Dennis. Each of these adverse rulings are assigned as error and a reversal thereof is sought in this court.

The decree sought to be reviewed, corrected or reversed is dated June 26, 1935, and the bill in the nature of a bill of review was filed by leave of the court on the second day of December, 1935. The law appears to be well settled that a suit, like the one at bar, must be filed within the time limited by statute for taking an appeal from the decree sought to be reviewed, which by statute is fixed at six months. See Hall v. Hall, 93 Fla. 708, 112 So. 622; Reynolds v. F. C. P. Ry. Co., 42 Fla. 387, 28 So. 861; Zewadski v. Barksdale, 86 Fla. 552, 98 So. 590; Shrader v. Shrader, 36 Fla. 502, 18 So. 672; State v. White, 40 Fla. 297, 24 So. 160; Mattair v. Card, 19 Fla. 455; Rawlins v. Rawlins, 18 Fla. 345; Johnson v. Johnson, 182 Ala. 376, 62 So. 706.

It is clear that the case at bar falls within the rule, *supra,* and the parties here are within their rights. The record

shows that John L. Ivey conveyed his interest in and to the property involved to the Ivey Properties, Inc., and had no further interest therein and no deficiency or other judgment was sought against him, and the lower court held for this reason he was not a necessary party. When mortgagors have conveyed all their rights and interests in and to the mortgaged property to other parties, such mortgagors are neither necessary nor proper parties to a suit to foreclose unless a deficiency decree is sought. See Hinson v. Gammon, 61 Fla. 641, 54 So. 374, Ann. Cas. 1913A 83; Phifer v. Abbott, 73 Fla. 402, 74 So. 488; Hubbard v. Highland Realty & Investment Co., 115 Fla. 834, 156 So. 322. John L. Ivey, the complainant in the bill in the nature of a bill of review now before us, was party defendant and the final decree dated June 26, 1935, sought to be reversed so recites.

It is alleged in the bill of review that had such plaintiff (J. L. Ivey) been served with a copy of the E. S. Futch answer seeking affirmative relief he would have challenged the averments and if an opportunity had been presented he would have produced testimony to show that the mortgage from J. L. Ivey to E. S. Futch for the sum of $19,500.00 and recorded in Mortgage Book 16 at page 157, Records of Highlands County, Florida, had been paid and fully discharged by the plaintiff John L. Ivey to the said E. S. Futch and the same cancelled and satisfied of record by E. S. Futch shortly after the said payment, and that it was contrary to equity and good conscience to permit or allow the reinstatement of the said mortgage, or otherwise to be subrogated back to the lien of said mortgage. While a copy of the affirmative answer filed against the said John L. Ivey by E. S. Futch in the original suit was served upon one T. A. McNicholas, an attorney of Avon Park, Highlands County, Florida, within the time prescribed by the 1931 Florida Chancery Act, it is alleged that the attorney was

not authorized to represent John L. Ivey. It is further contended in the bill of review that John L. Ivey owns an equitable interest in the mortgaged premises and a moral and legal obligation rested upon him to see that his property was equitably divided among his said creditors. It appears that the Chancellor below accurately summarized the contendment of the cross complainant in the following language:

"Much has been said in the cross-complaint about the question of fraudulent conveyance and intent to defraud, but when it is all summed up, it amounts to simply setting out that John L. Ivey would now testify that the conveyances of John L. Ivey Properties, Inc., which were involved in the original suit, were fraudulent and made for the purpose of hindering and delaying the creditors of John L. Ivey, including C. D. Dennis, and that John L. Ivey would also testify that the mortgage in the sum of approximately $19,500.00 reinstated by the terms of the original final decree sought to be reviewed, had been paid by John L. Ivey and satisfied of record and the testimony of E. S. Futch that it had not been paid was perjury. This is the sole and only newly discovered evidence set out in the cross-complaint. * * *

"The sole question, therefore, apparently presented here, is whether or not the testimony proffered by the cross-complainant on the question of payment of this mortgage as newly discovered evidence, is sufficient under the rules to entitle the complainant to a review of this portion of the original decree."

We have carefully considered the evidence of John L. Ivey, same being in the form of answers to interrogatories propounded numbered from 1 to 68, and inclusive of exhibits, appears in the transcript from page 47 to 95. We think the case at bar is ruled by the case of Drawdy Invest-

ment Co. v. Robinson, 96 Fla. 397, 118 So. 157. See Brown v. Oehler, 114 Fla. 57, 152 So. 862; Hall v. Hall, 93 Fla. 708, 112 So. 622; Reynolds v. Florida Cent. & P. R. Co., 42 Fla. 387, 28 So. 861, 22 Sup. Ct. 176, 183 U. S. 471, 46 L. Ed. 283; Yager v. North & South Alafia River Phosphate Co., 82 Fla. 38, 89 So. 340; Taylor v. Day, 102 Fla. 1006, 136 So. 701; Miami Bank & Trust Co., v. Mahlstedt, 107 Fla. 282, 144 So. 659; Gamble v. Gamble Holding Corp., 120 Fla. 340, 162 So. 886; Brown v. Sullivan, 113 Fla. 59, 151 So. 319; Polk v. Chase Nat. Co., 120 Fla. 243, 162 So. 521; Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 So. 893.

Counsel for appellant in their brief argue as one assignment Questions Four and Five, viz.:

"Fourth Question: May affirmative relief be granted a defendant in Chancery against another defendant who is not served with the petition for affirmative relief, served with process, or does not voluntarily appear? The lower court answered in the affirmative.

"Fifth Question: Do the Chancery rules require a defendant seeking affirmative relief in the absence of a voluntary apeparance to serve a copy of his affirmative answer or some process upon the party against whom affirmative relief is being sought? The lower court answered this question in the negative.

It is contended that counsel for E. S. Futch in the original suit failed to comply with paragraph 3 of Section 35, 1931 Chancery Act, viz.:

"(3) Service of Copy of and Process on Counterclaim: If the answer asserts a counterclaim and seeks affirmative relief, a copy thereof shall be served within ten days after filing (unless further time be allowed by the court) upon the solicitor of record (if any) of the party or parties as

to whom the counterclaim and affirmative relief is asserted. In case the defendants, or any of them shall by answer assert a counterclaim and pray affirmative relief requiring that persons not then parties to the suit be brought in as parties to the cause, or if the party or parties as to whom the counterclaim and affirmative relief is asserted have not been served with process, or have been served and have appeared but are not represented by a solicitor of record in the cause. the defendant or defendants so filing such counterclaim shall be entitled to process by way of summons in chancery or by publication, or otherwise as prescribed by law, to bring in such other persons as defendants thereto."

It is contended that while the pleading in the original suit filed by E. S. Futch sought affirmative relief against John L. Ivey, a copy thereof was not served on counsel for John L. Ivey within ten days after filing the same. The final decree sought to be reviewed, corrected or reversed contained the recital of the Court, viz.: "(g) The Court finds that J. L. Ivey was duly served with process, is now before the Court, but is in default." It is clearly made to appear by the record that John L. Ivey had not only been served with process, but was before the court and suffered or permitted a default to be entered against him in the very suit in which affirmative relief was sought by E S. Futch against him. It cannot be successfully contended that Mr. John L. Ivey did not have his day in court and a full and complete opportunity to be heard and to adduce testimony on the issues he now seeks to litigate in his bill of review. The record shows that a copy of the E. S. Futch pleading seeking affirmative relief was served on Mr. Ivey's attorney, but it is further contended that the attorney at the time of the service of the pleading on him was not authorized to represent Mr. Ivey, or Mr. Ivey makes this fact clearly to appear in his bill of review.

We have considered the case of Miles v. Miles, 117 Fla. 884, 158 So. 520, cited by counsel for appellant wherein paragraph (3) of Section 35, 1931 Chancery Act, was construed. The record fails to show that all the parties were served with process and a copy of the petition seeking affirmative relief was served on counsel of record of the parties like the case at bar. We have likewise reviewed the utterance of this Court as made in Lovett v. Lovett, 93 Fla. 611, 112 So. 768.

The lower court was of the opinion that the service perfected on the defendant John L. Ivey in the original opinion, coupled with the service of a copy of the pleading on John L. Ivey's attorney within the time provided by the statute, *supra,* was sufficient to give the court full and complete jurisdiction of the person of John L. Ivey and the sbject matter of the suit, and by permitting and allowing a default to be entered against him when he should have filed an answer or some other appropriate pleading to the E. S. Futch petition seeking affirmative relief that he now is estopped and prohibited here from the maintenance of the suit at bar.

We have examined each contention made and conclude that the orders and decrees appealed from should be affirmed. It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.