THOMAS, Justice.
We have carefully reviewed this case and have examined the opinion rendered in the former appeal, Wolfson v. Rubin, Fla., 52 So.2d 344. We conclude that the chancellor meticulously followed the prior adjudications and arrived at a just conclusion in litigation that had plainly got into a curious tangle.
So the decree is affirmed' except in two relatively unimportant particulars.
It appears from the master’s report that the appellants and the appellee had shared equally the master’s fee up to the time the report was filed and that the master asked for an additional fee of $750 which he recommended be borne equally by the parties-plaintiff and the party-defendant.
In the decree the chancellor remarked that the “parties [had] paid their accountants and the reporter and part of the Master’s compensation, dividing that expense * * He then decreed that the master should receive additional compensation of $500 and ordered the appellants to pay it. We have not found in the record the stipulation for division of costs to which the appellants refer in their brief, but from the procedure we have mentioned, we are convinced that the supplemental compensation should be paid as the original payment to the master, as well as other costs and expenses, had been paid, i. e., one-half by appellants and one-half by appellee.
The appellánts’ position that the decree should contain a description of the property in question seems sound.
Therefore, the decree is affirmed with directions to amend it to provide that one-.half of the supplemental compensation of the master be paid by the appellants and one-half by the appellee, and to incorporate .the legal description of the property.
Affirmed in part, reversed in part.
'TERRELL, C. J., and ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.