105 So.2d 28 (1958)
I.H. RUBIN, a/k/a Isaac H. Rubin, Appellants,
v.
Edith KAPELL, Appellee.
No. 58-36.
District Court of Appeal of Florida. Third District.
July 22, 1958.
Rehearing Denied October 6, 1958.
*29 W.D. Bell, Miami, for appellants.
Claude Pepper Law Offices, Allen Clements, Jr., and Alfred Hopkins, Miami, for appellee.
ANDERSON, ROBERT H., Associate Judge.
This is an appeal from a final decree foreclosing two mortgages on real estate in Dade County, Florida. The first mortgage was given on April 21, 1936 by Ariel Realty Corporation and Abraham Wolfson to Federal Savings and Loan Association of Miami to secure a note for $14,500. The second mortgage was given by Abraham Wolfson to Frances K. Powell Corporation on *30 December 28, 1939 to secure a note for $20,000. Both mortgages were assigned to Edith Kapell.
The important events involved in this litigation, stated chronologically, are as follows:

 1936  April 21 Note and mortgage, Ariel Realty Corporation and
 Abraham Wolfson to Federal Savings and Loan
 Association of Miami, $14,500.00 (Exhibits 5 and 6)
 1939  December 28 Warranty deed, Ariel Realty Corporation to Frances K.
 Powell Corporation (Exhibit B-1)
 1939  December 28 Warranty deed, Frances K. Powell Corporation to
 Abraham Wolfson (Exhibit B-2)
 1939  December 28 Note and mortgage, Abraham Wolfson to Frances K.
 Powell Corporation, $20,000.00 (Exhibits 1 and 2)
 1942  October 7 Agreement between Abraham Wolfson and I.H. Rubin and
 wife (Exhibit B-6)
 1947  March 13 Assignment of mortgage (Exhibits 5 and 6) Dade Federal
 Savings and Loan Association of Miami to Edith Kapell
 (Exhibit 4)
 1952  October 16 Warranty deed, Abraham Wolfson to Spinoza Forum
 Foundation (Exhibit B-7)
 1954  August 19 Assignment of mortgage (Exhibits 1 and 2) Frances K.
 and George C. Powell to Edith Kapell (Exhibit 9)
 1955  December 15 Final decree in Rubin v. Wolfson, Fla., affirmed
 98 So.2d 329 (Exhibit 11); see, also, Fla.,
 52 So.2d 344

The appellants derived their title to the premises from a deed made pursuant to a decree of the Circuit Court of Dade County in a suit brought by them against Abraham Wolfson. By this decree the defendant Wolfson was specifically required to perform a contract between the parties dated October 7, 1942. This decree provided, inter alia:
"21. The defendant, Abraham Wolfson, is ordered to make a deed to the plaintiffs, Jennie Rubin and I.H. Rubin, as specified hereinabove, and to make and deliver said deed forthwith and without any undue delay. The deed will be plain in form, not stating any warranty or condition, but since the property is encumbered by the mortgages as described above, the transfer will be subject to the liens of said mortgages as a matter of law." (Italics supplied.)
It was affirmed by the Supreme Court. Rubin v. Wolfson, Fla. 1957, 98 So.2d 329.
It will be observed that the agreement that was the subject of the decree for specific performance was made after the execution of the mortgages from Ariel Realty Corporation and Wolfson to Federal Savings *31 and Loan Association and from Wolfson to Frances K. Powell Corporation.
The Chancellor in the case at bar found for the plaintiff-appellee. He decreed that there were certain sums as principal, interest, taxes, insurance and repairs, as well as costs, due on both mortgages, that the plaintiff had a lien upon the property superior in dignity to any title of the defendants, that the sums so decreed were directed to be paid by a fixed date, in default of which the property would be sold by the Clerk, and the defendants and all persons claiming under them were foreclosed of all claim of any kind to the property.
The defendants appealed.
The first point involved on appeal is that the plaintiff's assignor was a foreign corporation which had never complied with Chapter 613, Fla. Stat., F.S.A. The specific statute invoked is 613.04. It provides:
"613.04 Can not maintain action until provisions complied with.  The failure of any such foreign corporation to comply with the provisions of this chapter shall not affect the validity of any contract with such foreign corporation, but no action shall be maintained or recovery had in any of the courts of this state by any such corporation, or its successors or assigns, so long as such foreign corporation fails to comply with the provisions of this chapter."
This section has been held by the Supreme Court of Florida not to apply to single transactions nor to the collection by a foreign corporation of debts due it for goods sold or otherwise contracted, or its action in adjusting or compromising such debts or acceptance within the state of evidence of such debts or of security therefor. Crockin v. Boston Store of Ft. Myers, 137 Fla. 853, 188 So. 853. This is conclusive of the point. It will be observed that the statute provides that it shall not affect the validity of any contract of such foreign corporation, but no action shall be maintained on it as long as it fails to comply with its provisions. Further, in view of the fact that it is alleged and admitted that the Frances K. Powell Corporation has been dissolved, it is difficult to see how it could ever comply with the statute even if it were otherwise applicable.
The next point involved is based upon the failure of the Chancellor to require the Ariel Realty Corporation to be made a party to the suit. This corporation likewise has been dissolved. It appeared that it had deeded its interest in the land to Frances K. Powell Corporation. In the case of Dennis v. Ivey, 134 Fla. 181, 183 So. 624, the Supreme Court of Florida held that when mortgagors have conveyed all their rights and interest in the mortgaged property to other parties such mortgagors are neither necessary nor proper parties to a suit to foreclose unless a deficiency decree is sought. Now it is true that a deficiency decree may be granted under a prayer for general relief, and under Rule 1.8(b), F.R.C.P., 30 F.S.A., a complaint is considered to pray for general relief, but it does not follow that such a complaint may be held to authorize a deficiency decree as against one not a party to the suit, especially where it is a dissolved corporation. It is also true that under Section 608.30, Fla. Stat., F.S.A., a suit may be maintained against the remaining members of the board of directors, but it by no means follows that a deficiency decree is authorized where neither the corporation nor its last remaining directors were parties to the suit and no deficiency decree was asked for against either of them. The complainant in a foreclosure suit is not compelled to submit the adjudication of the matter of a deficiency decree to a court of equity. Coe-Mortimer Co. v. Dusendschon, 113 Fla. 818, 152 So. 729.
The third point assigned by the appellants is the denial of the Chancellor of the defendants' right to call Abraham Wolfson, a director and trustee of the Frances K. Powell Corporation, as an "adverse party" under Rule 1.37, F.R.C.P., 30 F.S.A. *32 We think perhaps this was error, not only because Wolfson was a director or trustee of the Powell Corporation but also because he was a maker of the mortgages and a party to the suit. He was also president of Spinoza Forum Foundation, a party to the suit. An "adverse party" is not necessarily a party to the suit who is aligned in the pleadings in opposition to the party calling him. United States v. Uarte, 9 Cir., 175 F.2d 110.
In Maryland Casualty Co. v. Kador, 5 Cir., 225 F.2d 120, a suit brought under the Louisiana Direct Action Statute, the trial judge permitted the plaintiff, over objection, to call as an "adverse party" the defendant's assured who wasn't even a nominal party to the proceeding. His ruling was affirmed on appeal.
However, the error, if any, was harmless. Wolfson was called as a witness and was fully examined by the appellants' counsel. No objection was made to questions on the ground that they were leading, no attempt was made to impeach him, nor did it appear that he was hostile. Under the statute the ruling was not prejudicial. Section 54.23, Fla. Stat., F.S.A.
The remaining points involved on appeal and relied on by the appellants are (IV) whether the plaintiff made a prima facie case, and whether the same has been sufficiently rebutted by defendants, and (V) whether defendants have proved their affirmative defenses.
As far as point number IV is concerned, the plaintiff's evidence amply established a prima facie case. She testified point-blank that she was the owner of the notes and mortgages sought to be foreclosed; that she had acquired the first mortgage from Dade Federal by the payment to it of approximately $3,700. She said that she personally went to the bank and gave her own check for the assignment. The second mortgage she acquired from the Frances K. Powell Corporation, which was assigned to her in consideration of approximately $12,000 advanced by her to it. In addition, she offered in evidence numerous receipts for taxes that she said that she had paid. She also introduced paid checks signed by her made out to the tax collecting authorities that run into several thousand dollars. Further, she offered paid checks to various parties for insurance and repairs to the premises. Not only this, but an official of Dade Federal Savings and Loan Association (the successor to Federal Savings and Loan Association) testified that there was a payment of $3,675.98 made to the Association on February 26, 1947. He was unable to say who made this payment, but said that it was made by a check drawn on the Hanover National Bank of New York and that he had the signed committee sheet by their loan committee which states assignment of mortgage to Edith Kapell. Wolfson testified that he had never had an account in the Hanover National Bank. This was more than sufficient.
In regard to point number V, which asserts that the defendants had proved their affirmative defenses, we can only say that the testimony falls far short of establishing them. It may raise a suspicion, but that is all.
The Supreme Court of Florida has held that a final decree of foreclosure supported by substantial evidence should not be reversed unless clearly erroneous. Meredith v. Carter, 111 Fla. 148, 149 So. 408; Campbell v. Victory, 118 Fla. 714, 160 So. 195, 196. In this case the Court says:
"The correctness of the decree depends upon whether or not the decree is supported by the evidence. The evidence was conflicting. The conflicts were resolved by the chancellor in favor of complainant, appellee here. We cannot find basis in the record to support the conclusion that the chancellor was clearly wrong, and therefore the decree should be affirmed."
Such is the instant case. The decree, therefore, is affirmed.
HORTON, Acting Chief Judge, and PEARSON, J., concur.