DAYTON, ORVIL, Associate Judge.
Robert Foster died during the year, 1913, survived by his widow and eight children. At the time of his death he owned 160 acres of land in Union County. In 1950, plaintiff-appellee Thomas, having acquired an interest in the land by quitclaim deed, filed his Bill for Partition naming as defendants approximately 40 of the known living heirs, their descendants, legatees, etc., and against the unknown heirs of the deceased heirs of Robert Foster, deceased. These defendants in the Partition suit, who were plaintiffs in the Bill of Review and are appellants here, are referred to as the “Fosters”.
The Bill of Complaint for Partition further alleged that there were three known minor children, known as the “Pledgmans”, who were served by inclusion with their father, their- mother .who was an heir of Robert Foster, being deceased. A Guardian ad Litem was appointed to represent them and other unknown minor heirs.
The Guardian ad Litem filed an Answer for the “Hedgmans and other unknown parties who might be under disability.” The Hedgmans were also included with the “Fosters” in the general answer and defense to the partition suit. Upon final hearing the Court below established nine equal moieties as the basis for distribution and found the equities with the plaintiff and decreed partition setting forth the fractional interest of all the known heirs, finding them to be tenants in common of the property subject to partition. Three commissioners were appointed, the property was sold and purchased by plaintiff-appellee Thomas. The proceeds of the sale, after deduction of costs, were deposited in the registry of the Court for distribution pursuant to the Court’s order, with the Court retaining jurisdiction to enter such further orders as may be “Necessary or Proper.” An order of distribution was entered and the funds remitted to the defendants.
In May of 1956 the “Fosters” filed their Bill in the nature of a Bill of Review seeking to vacate the Partition decree. This Bill alleged that one Aaron Foster, son of the original intestate, Robert Foster, had been omitted from the allegations of the original Bill of Complaint for Partition and that his heirs were entitled to a proportionate interest; that the moieties determined by the Court in the Partition suit were inaccurate, and that the “Hedgmans” were not properly served. A motion to dismiss this bill was granted on the ground that the same was not filed within the time for appeal from the final decree, the Chancellor holding that their remedy was by a “New and independent suit.” Leave to file another suit by the real parties in interest against Thomas was granted, however.
A petition for rehearing was filed and denied, whereupon an amendment styled “Parties in Interest” was filed which served only to re-state the original parties as set forth in the original Bill of Review. A motion to-strike and to dismiss this amendment was granted, and a final amended Bill of Review was filed substantially setting forth the matters included in the prior bill, to which a motion to dismiss was interposed on the ground that the matters alleged in the bill' were res adjudicata, having been raised in the original action and determined against the plaintiffs. The lower Court granted this motion with prejudice, from which final dismissal this appeal is taken.
With reference to the contention that the service upon the minor Hedgman children was inadequate, we find from the record that the original Summons in Chancery named as defendants among others the following: “Reuben Hedgman, a widower,, and his minor children, Wilbur Hedgman, June Hedgman and Retha Mae Hedgman, Union County, Florida.” ' The return of the Sheriff of Union County on the reverse side of the original Summons contains only the *35 following language with reference to service of process upon the “Hedgmans”:
“Further executed this summons on March 9th, 1950, by delivering a true copy thereof to which was attached a copy of the complaint at 5:30 P.M. to the within named defendant, to-wit: Reuben Hedgman.”
No type of service whatever is shown to have been made upon the minor children. Section 47.23, F.S.A., prescribes the manner of service upon minor as follows :
“The courts of this state shall obtain jurisdiction of minors when the original writ of subpoena in chancery or summons in common law actions, as the case may be, is served by reading the writ or summons to be served to the minor to be served, and also to the guardian or other person in whose care or custody such minor may be, or by delivery of a copy thereof to such minor and to his guardian or other person in whose care or custody such minor may be, and by further service the writ or summons upon the guardian ad litem thereafter appointed by the court to represent said minor.”
Inasmuch as there was not compliance with the above-quoted statute, the attempted service upon the minor “Hedgmans” was defective and inadequate to bring said minor children within the jurisdiction of the Court, nor was such defect in the original service cured by the filing of the answer by the guardian ad litem.
It is contended by appellants that the impropriety of service upon the Hedgmans, together with the failure of the original Bill for Partition, to include the heirs of Aaron Foster, rendered the lower Court without jurisdiction to grant the final decree of partition, and likewise rendered void the deed to Thomas as well as all proceedings subsequent thereto.
In this connection it is our view that where a decree of partition is rendered, without having jurisdiction of all persons who have an interest in the land, the same does not void the proceedings or the decree as against those parties to the litigation properly before the Court, but such decree is inoperative and without effect as to those persons having an interest in the land who are not brought within the Court’s jurisdiction. Such omitted parties may bring a separate proceeding for the establishment of their respective rights to the land in question. Cline v. Cline, 101 Fla. 488, 134 So. 546.
It is our view that the final decree of partition is final, and that the retention clause of the decree reserving jurisdiction “for the purpose of granting such further relief as shall be necessary and proper” does not operate to prolong interminably the litigation for any and all purposes. A bill in the nature of a bill of review must be filed within the time fixed by statute for taking an appeal from the final decree sought to be reviewed, Dennis v. Ivey, 134 Fla. 181, 183 So. 624. Parties whose rights were adjudicated by a final decree from which no appeal has been taken cannot by bill of review attack such decree on the ground that certain other heirs were not named therein or were not properly served.
Inasmuch as it has not been made to appear that the Chancellor abused his discretion in dismissing the bill in the nature of a bill of review, we affirm the decree of the Chancellor as to all parties properly before the Court, and hold that such decree is inoperative to divest any parties not properly before the Court of any rights they may have in and to the property.
STURGIS, C. J., and WIGGINTON, J., concur.