147 So.2d 154 (1962)
George R. HEADLEY, Charles Stoker, R.L. Duffer, F.M. Morgan, Paul Barr, Jr., David Ludovici, and E.H. Morris, As and Constituting the Board of Rules and Appeals of Metropolitan Dade County, Florida; Herman Marks, Stanley Marks, and Eugene D. Marks, Individually and Doing Business As Marks Brothers Company; and Robert F. Cook, Director of the Building and Zoning Department of Metropolitan Dade County, Florida, Appellants,
v.
H.O. LASSETER, Appellee.
No. 62-393.
District Court of Appeal of Florida. Third District.
December 4, 1962.
*155 Paul A. Louis and Bertha Claire Lee, Miami, Darrey A. Davis, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellants.
Leo M. Alpert, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
CARROLL, Judge.
This case involves the question of whether certain sewer system connections may be installed by engineering contractors, or only by master plumbers.
Appellant, Marks Brothers Company, engineering contractor, applied to the City of Miami for a permit for such work for which it held a contract.[1] The City denied the permit. An appeal by Marks Brothers to the Metropolitan Dade County Board of Rules and Appeals resulted in an order by the Board reversing the City's refusal to issue a permit to Marks Brothers.[2] Review thereof was sought by certiorari in the circuit court by a master plumber, as being a party aggrieved by the Board's ruling. The City did not seek review and was not made a party to the proceeding in the circuit court. The City issued the permit and Marks Brothers completed the work prior to the time the matter came on for final hearing. The circuit court recognized the case was moot, but chose to express an opinion on the merits notwithstanding, on *156 viewing the case as one of public interest.[3] In addition to contending for reversal on ground that the case was moot, the County argued that Lasseter was without standing to seek review of the order of the Board of Rules and Appeals. We need not decide the latter question because we find it necessary to reverse the trial court's certiorari judgment for another reason.
Neither the City of Miami nor the official heading the city department involved were made parties to Lasseter's attack in the circuit court on the Board's ruling which was directed to the action of the City of Miami in denying the permit which Marks Brothers had requested.
Appellee's contention, shared by the trial court, that the City had no interest as a party, stating as a reason that the county building and zoning director was responsible for enforcement of the building and zoning laws applicable in the City of Miami, is not sound. Sec. 8-4 of The Code of Metropolitan Dade County expressly provides for municipal enforcement of the building code in the incorporated areas, saying:
"The South Florida Building Code shall be applicable in both the incorporated and unincorporated areas of the county. In the unincorporated areas of the county, the building and zoning department shall enforce this Code, issue all building and other permits required by such Code, collect the fees prescribed therefor, and make the necessary inspections. In the incorporated areas of the county, each municipality shall enforce this Code, issue all building and other permits required of such Code, collect the fees prescribed therefor, and make the necessary inspections within such municipality, all in accordance with standards prevailing in the county. It shall be unlawful for any municipality to issue a building permit in violation of any of the provisions of this Code. (Ord. No. 58-32, § 1, 8-5-58)."
The fact that the City's position was upheld by the judgment on certiorari is not a sufficient answer to the contention that the City was an interested party without whose joinder an effectual judgment could not be made. This is so because the appeal seeks reversal of the circuit court judgment, which if granted would constitute a determination adverse to the City's rights in the matter without it having been a party, here or in the court below.
In a proceeding to review a decision or order of an administrative agency, the question of who may or must be joined as parties is, in the absence of statutory provision as to parties, governed by the rules applicable to parties in civil actions generally. 73 C.J.S. Public Administrative Bodies & Procedure § 178, p. 523. Cf. Dade County News Dealers Supply Co. v. Florida R.R. & Public Utilities Commission, Fla., 1950, 48 So.2d 89.
With reference to the need to join necessary or indispensable parties in the trial court as well as on appeal, the Supreme Court of Florida in the case of McAdoo v. Moses, 101 Fla. 936, 132 So. 638, quoting material from two earlier cases, said:
"In Robinson et al. v. Howe et al., 35 Fla. 73, 17 So. 368, this court held:
"`The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, must be made parties, either as complainants or defendants, *157 so that a complete decree may be made binding upon all parties.
"`The court cannot adjudicate directly upon the rights of necessary and indispensable parties, without having them actually or constructively before it, and the failure to raise the objection of the absence of such parties by demurrer or answer is not a waiver of the right to make such objection before final decree, or even on appeal.'
"In Rawls v. Tallahassee Hotel Co., 43 Fla. 288, 31 So. 237, this court held:
"`A decree rendered in the absence of an indispensable party will be reversed, and an objection of this character can be urged for the first time in the appellate court, or be considered by the court of its own motion.'
"See, also, Yager v. North & South Alafia River Phosphate Co., et al., 82 Fla. 38, 89 So. 340."
Thus, when a proceeding is filed in court to review the decision of an administrative board which ruled on the propriety of an administrative decision by a city, the city or its official who was involved is a necessary if not indispensable party to such court proceeding. See Johnson v. Kirkland, 5 Cir., 1961, 290 F.2d 440; Boyd & Usher Transport v. Southern Tank Lines, Inc., Ky. 1959, 320 S.W.2d 120; Borough of Hasbrouk Heights v. Division of Tax Appeals, 48 N.J. Super. 328, 137 A.2d 585; Plummer v. Johnson, 61 N.M. 423, 301 P.2d 529; 73 C.J.S. Public Administrative Bodies & Procedure § 178; 42 Am.Jur. Public Administrative Law § 239.
Appellant Dade County urges reversal for the reason above stated. Appellant Marks Brothers and the appellee suggest we disregard the failure to join the city in the circuit court and other claimed errors which they classify as "technicalities", and render a decision on the merits. This we may not do for the reason that the ground on which we must reverse is that failure to join the city prevented a complete judgment from being rendered. Also, further proceedings in the circuit court on remand would not be appropriate because the cause is now moot and the error which prompts reversal is such as would require a repetition of the case in the circuit court almost from the outset, through the necessity to join new parties.
On so disposing of this appeal, we find it unnecessary to rule on other questions raised. For the reasons stated, the judgment appealed from is reversed, and the cause remanded with directions to the circuit court to deny certiorari and dismiss the petition.
Reversed and remanded.
NOTES
[1] The problem presented and the basic facts were set out in the chancellor's decree, as follows:

"The basic question involved is whether an `engineering contractor' has the right to install the sanitary and storm sewer lines (called `utility lines' in the above decision) within private property on a housing job in the City of Miami, or whether, as the Petitioner contends, the installation of such a sewer line, storm and sanitary, is exclusively the work of a person holding a certificate of competency as a plumber.
There is no dispute as to the material facts and it is conceded both in the briefs filed by the respective parties and in oral argument that the Marks Brothers Company, none of the members of whom hold a certificate of competency as a plumber but whose member Paul Marks holds a certificate of competency as an engineering contractor, entered into a subcontract to install the `sanitary sewer, storm sewer, drainage structures, manholes, etc.' at the low-rent housing job within the City of Miami, Florida, known as Abe Aronovitz Villas, the work of Marks Brothers in this connection to commence at a point 5 feet outside the building and to run from that point out to the property line: that such work would be work done on private property as distinguished from work in or on streets, etc.; that a sanitary sewer line as involved here is the run of pipe carrying sewage and waste starting 5 feet outside the building (where it connects with the building sewer, i.e., the sewer piping in the house) and ending at the property line (where it connects, generally, to a larger pipe running to the point of ultimate disposition.) The storm sewer is a separate run of pipe over the same area, carrying rain and surface water. * * *"
[2] The Board's order stated:

"That the application of Marks Brothers Company dated August 2, 1961, for permit to install storm and sanitary utility lines as per plans and specifications attached thereto to a point 5 feet from the building line, under sub-contract with Wesley Construction Company was erroneously denied by the Supervisor of the Division of Plumbing Inspection of the Building Department of the City of Miami and should be granted to the applicant, and that a permit for such storm and sanitary utility installation may be properly issued under the provisions of the South Florida Building Code (Section 4601.5(d) (2) to any qualified contractor currently licensed in that field, in the instant case, as an Engineering Contractor as defined in Section 10-1(k) of the Code of Metropolitan Dade County, qualified by Paul Marks under Certificate of Competency # 1316E."
[3] On this point the chancellor cited Barrs v. Peacock, 65 Fla. 12, 61 So. 118; State ex rel. Railroad Com'rs. v. Southern Telephone & Construction Co., 65 Fla. 67, 61 So. 119; Tau Alpha Holding Corporation v. Board of Adjustments of City of Gainesville, 126 Fla. 858, 171 So. 819; Bowden v. Carter, Fla., 1953, 65 So.2d 871. Also see Dyer v. Securities and Exchange Commission, 8 Cir., 1959, 266 F.2d 33, 47.