LETTS, Judge.
This appeal is taken from an order quashing appellant’s petition for certiorari for failure to join the City of Boca Raton as an indispensable party. We affirm.
Appellant’s employment as a plumbing inspector for the City of Boca Raton was terminated for cause by the City Manager. An appeal was taken to the Civil Service Board of Boca Raton for a review of the dismissal pursuant to the City’s Personnel Rules and Regulations which permit both employer and employee to present evidence and argue their positions. Upon a finding that the charges against appellant were deserved, the Board concluded that his termination was warranted, and affirmed the *813 action of the City Manager. Appellant then sought review of this ruling by a petition for certiorari to the Circuit Court, naming the Civil Service Board as respondent. The City made a special appearance requesting that the petition be quashed, arguing that the City should have been joined as an indispensable party. The trial judge agreed and rendered an order quashing appellant’s petition for certiorari. This appeal followed.
The judge’s ruling relied upon the decision of Headley v. Lasseter, 147 So.2d 154 (Fla. 3rd DCA 1962). In this case the County Board of Rules and Appeals had reversed a decision by the City of Miami to deny a permit to install sewers. Review was sought in circuit court by way of certiorari without joining the city. Finding the city to be materially interested in the subject matter, the Third District reversed saying in part:
In a proceeding to review a decision or order of an administrative agency, the question of who may or must be joined as parties is, in the absence of statutory provision as to parties, governed by the rules applicable to parties in civil actions generally.
Thus, when a proceeding is filed in court to review the decision of an administrative board which ruled on the propriety of an administrative decision by a city, the city or its official who was involved is a necessary if not indispensable party to such court proceeding.
A contrary conclusion was reached in Board of Public Instruction of Duval County v. Sack, 212 So.2d 819 (Fla. 1st DCA 1968) upon facts similar to those under review. In this latter case, the court distinguished Headley on the basis that the civil service board conducted a trial de novo rather than functioning as an appellate body. It appears to us however that the boards in each case acted in their quasi-judicial capacity to determine the rights of the city and its adversary, whom we feel are the proper parties on appeal.
The Personnel Rules and Regulations of the City of Boca Raton provide for an appeal of the actions of the Civil Service Board by way of certiorari to the Circuit Court. As both employer and employee may seek this review, it stands to reason that each of these opponents is essential to a determination of the merits of the case. Moreover, the City of Boca Raton, rather than the Civil Service Board, is responsible for supplying a remedy in the event an employee is found to have been unjustly dismissed from his job. Since a judgment in favor of the appellant would clearly affect the City, it has a material interest in the outcome of the suit, and thus, is an indispensable party to it. This Court has acknowledged the necessity of joining the city in Buchanan v. City of Winter Park, 226 So.2d 860 (Fla. 4th DCA 1969), where an appeal of the civil service board’s decision to terminate the employment of a police chief was dismissed by the circuit court for failure to join the city.[1]
Since a judgment in this action could not be properly rendered in the absence of the City, we find it to be an indispensable party which must be joined. Accordingly the order appealed is affirmed.
ALDERMAN, C. J., and CROSS, J., concur.

. We note our decision in Weber v. Zoning Board of Appeals of City of West Palm Beach, 206 So.2d 258 (Fla. 4th DCA 1968), where we ruled that the city was not an indispensable party; however, in that case the required parties were governed by an applicable statute. No such statute was pertinent in Headley, nor in the case now before us.